FLORENCE AUMACK AND MILLARD AUMACK, Jr., PROSE-CUTORS, v. E. LEIGH COTTON AND THE SMALL CAUSE COURT, HOLDEN IN THE COUNTY OF MONMOUTH BY EDWARD BOUGHTON, ESQUIRE, JUSTICE OF THE PEACE, RESPONDENTS.

Submitted May 15, 1931—Decided December 3, 1931.

Before Justices Trenchard, Daly and Donges.

For the prosecutors, *McCarter & English* (*Herbert E. Baer*, of counsel).

For the respondents, *J. Frank Weigand*.

Per Curiam.

This matter comes upon writ of *certiorari* to review a judgment in an action in tort brought against Florence Aumack and Millard Aumack, Jr., by E. Leigh Cotton, in the Small Cause Court, which judgment was rendered against the defendants for $180.

It appears that the demand was for $200; that at the time suit was brought the justice of the peace holding such Small

Cause Court resided in and held court in Lyncroft, in the township of Middletown in Monmouth county, and the defendants both resided in the borough of Red Bank in the county of Monmouth.

When the case came on defendants entered a special appearance and challenged the jurisdiction of the court on the ground that in view of the residence of the defendants and the court, the court had no jurisdiction because of the statutes hereinafter mentioned. However, the court overruled the challenge, heard the case, and entered the judgment.

We think that the Small Cause Court here in question had no jurisdiction in the matter in controversy, as will plainly appear from an examination of the pertinent statutes.

The original act creating District Courts was passed in 1898, and provided for the establishment of District Courts in cities. *Pamph. L.* 1898, *ch.* 228, *p.* 556. That act by section 31 expressly provided that:

"No justice of the peace or court for the trial of small causes shall have jurisdiction over any cause or proceedings cognizable before a District Court, where the defendant or defendants reside within the limits of any city where a District Court is established."

The Small Cause Court act was passed in 1903. In section 1 it gave the justice of peace civil jurisdiction up to $200, expressly providing, however, that the Small Cause Court should have no jurisdiction over any cause or proceeding cognizable before a District Court where any defendant resides within a municipality wherein a District Court is established. *Pamph. L.* 1903, *ch.* 165, *p.* 251.

Five years later, in 1908, an amendment was passed to the District Court act cited herein above, which amendment created certain judicial districts (*Pamph. L.* 1908, *ch.* 49, *p.* 470) and further provided (at *p.* 77) that no justice of the peace or Small Cause Court should have jurisdiction in any judicial district where he resided or the defendant resided, and in which there was a District Court established for that district.

Subsequently, the provision last above mentioned was amended in *Pamph. L.* 1921, *p.* 689, to provide for civil jurisdiction of the justices of the peace up to $50 in counties bordering on the Atlantic ocean, notwithstanding that the defendants resided within the judicial district.

In 1923 (*Pamph. L.* 1923, *ch.* 461, *p.* 175) the legislature re-enacted section 1 of the Small Cause Court act hereinabove mentioned, and inserted in the section a clause giving the Small Cause Court jurisdiction in proceedings between landlords and tenants and in actions of forcible entry and detainer.

Now the Second Judicial District of Monmouth county was "established and incorporated" by the legislature in 1913. *Pamph. L.* 1913, *p.* 67, and amended in *Pamph. L.* 1925, *p.* 352. The act as amended prescribed that the Second Judicial District of Monmouth county should comprehend "all that part of the county of Monmouth and State of New Jersey, comprised within the following city, boroughs and townships within said county to wit: * * * the township of Middletown * * * the borough of Red Bank * * *."

On the facts and law as above stated, it seems clear that the Small Cause Court in this instance had no jurisdiction, since the amount in dispute exceeded $50, and both the justice of the peace and the defendants resided in the Second Judicial District of the county of Monmouth where a District Court was established.

The court below, in assuming jurisdiction, cited as his authority the case of *Weishaupt* v. *Weishaupt,* 104 *N. J. L.* 465. The plaintiffs below here rely upon that case. But we think it is not in point. There both the defendants and the justice of the peace resided in the city of Rahway. There was no District Court established in the city of Rahway, nor was there any judicial district in which a District Court was established, of which Rahway was a part. Accordingly, the Supreme Court in that case properly held that the justice of the peace had jurisdiction.

The judgment below is reversed, with costs.