MABEL DOLL, PLAINTIFF, v. JOHN SHAFTO, PROSECUTOR-DEFENDANT.

Submitted October 17, 1931—Decided April 18, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the plaintiff, *Eugene Capibianco.*

For the prosecutor-defendant, *Lloyd C. Riddle.*

PER CURIAM.

This writ brings up a judgment entered in the court of a justice of the peace in the city of Asbury Park in a suit on a book account against the prosecutor who alleges in his brief that he resides in Neptune township. The judgment is for $125.20. His argument in the brief is that the justice has no jurisdiction because chapter 211 of the laws of 1921 provides that no justice of the peace shall have jurisdiction over any cause cognizable before a District Court where the defendant resides within any city or judicial district where a District Court is established; and so he invokes the rule in *Aumack* v. *Cotton,* 9 *N. J. Mis. R.* 1321; 157 *Atl. Rep.* 549.

If we were to take judicial notice of the fact that the First Judicial District of Monmouth county includes Neptune township, and of the alleged fact that West Grove where, in his brief, he claims to reside, is in Neptune township, that would not help the prosecutor. In the instant case there is nothing in the record to show where the prosecutor lives or where he was served. The endorsement on the summons gives an address "No. 1218 Corlies avenue, city of West Grove, New Jersey." Whether this is the prosecutor's residence, or his place of business, or what it is, nowhere appears. The affidavit of the justice of the peace says that the defendant was served by leaving a copy of the summons with a member of his family above the age of fourteen years at his usual place of abode. Where such place of abode is does not appear. There is therefore nothing before us of proof of the prosecutor's residence, and we cannot say that there was any want of jurisdiction.

The writ will be dismissed, with costs.