ROBERT ALLEN, INCORPORATED, A CORPORATION, PLAINTIFF-RESPONDENT, v. SPRING STREET REALTY COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided April 27, 1933.

For the plaintiff-respondent, *Nicholas La Vecchia*.

For the defendant-appellant, *Edward R. McGlynn*.

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in the Essex County Circuit Court, in favor of the plaintiff and against the defendant, Spring Street Realty Company.

A voluntary nonsuit was entered as to the defendant Peter Steiger.

The parties had a written agreement for the erection of a building for a specified sum. While this work was in progress the parties made an oral agreement for some additional work on a building adjoining the one under construction. This work was to be done on a cost plus basis.

The matter was referred by the Circuit judge to a referee, a dissent and reservation of jury trial being duly entered. The referee reported in favor of the plaintiff for the full amount claimed plus interest. Exceptions were taken and the case tried before Judge Mountain and a jury, resulting in a verdict for the plaintiff.

The complaint alleged in paragraph 1, that:

"On or about May 4th, 1927, the defendants, Spring Street Realty Company and Peter Steiger, or one of them, entered into a contract with the plaintiff, whereby plaintiff agreed to furnish labor and supply necessary new material and whereby defendants, or one of them, agreed to pay plaintiff the cost of the labor and new material furnished, plus five per cent.

thereof for operating expenses, plus ten per cent. thereof for profit."

The answer said:

"1. They admit that on or about May 4th, 1927, the defendant Peter Steiger, on behalf of the defendant Spring Street Realty Company entered into a contract with the plaintiff which was substantially as alleged in paragraph 1 of the complaint."

It is the contention of the plaintiff that the answer admits the allegations of the complaint with reference to the contract, and its terms. The defendant contends that the word "substantially," set forth in the answer, prevents the answer from operating as an admission, and that it is a reservation under which evidence with reference to other and unpleaded terms of the contract might be admitted; namely, the fact that there was a top price of $7,000 agreed upon.

The suit was started on February 14th, 1928. The defendant filed an answer on March 5th, 1928, and an amended answer and counter-claim on October 8th, 1929. Defendant then filed an amendment to amended answer and counter-claim on January 3d, 1930.

In none of these amended pleadings did the defendant plead a top price of $7,000. On the other hand, in the counter-claim filed nearly two years after the filing of the original answer the defendant omits the word "substantially" and alleges that the plaintiff and defendants "entered into the contract set forth in the complaint on file herein," whereby the plaintiff agreed to do the work, and the defendant agreed to pay plaintiff for the same, "the cost of labor and materials furnished plus five per cent. thereof for operating expenses and plus ten per cent. thereof for profit."

Appellant presents three points for reversal:

The first point is that the trial court erred in ruling that the pleadings did not permit proof of the upset price of $7,000 and in so instructing the jury.

The defendant offered to prove that the oral contract between the parties provided for the cost plus basis with the upset price of $7,000, which offer was refused. Some testi-

mony to that effect, however, did get into the record, and the trial court charged the jury to disregard it, to which ruling an exception was also taken.

It is elementary law that what the parties in pleadings have agreed and admitted must stand in that action and as between them for truth (*Schenck* v. *Schenck,* 10 *N. J. L.* 276), and that the parties are confined to the case made by the pleadings, and that evidence to facts not put in issue should not be taken and that testimony in disproof of a fact confessed by the pleadings cannot be conisdered. *Evans* v. *Huffman,* 5 *N. J. Eq.* 354.

We think that the court was right in ruling that the pleadings did not permit proof that instead of being a cost plus contract the contract was to do work on a cost plus basis provided the work did not exceed $7,000. Such a claim by the defendant was not substantially the contract sued upon and was a material divergence therefrom and a variance from the pleadings.

The second point is that the variances, if any, were not fatal because there was no prejudice or surprise to the plaintiff. The answer to this is that, regardless of whether there was prejudice or surprise, the fact is that the evidence offered was not relevant or material to the issue framed.

Confronted by the refusal of the judge to admit such testimony, the defendant asked permission to amend. This was refused.

The third point is that the trial court erred in thus refusing to permit an amendment since the refusal was based on a misunderstanding of the effect of the referee's report. This refers to the language used by the judge in denying the motion. The judge said:

"I shall deny the motion for this reason: The report of the referee comes to us with the same force and effect as a jury verdict, that is, there is a presumption in its favor which can be overcome and rebutted by the defendant * * *. Now you want me to file another one, an amendment to the amended answer, and then we will be in a position where we will be fooling along but would not if we could find our way

back. I will not permit it. There has been plenty of time and this is not the time to say so."

The judge apparently made a misstatement as to the referee's report having the effect of a jury verdict but he sought to correct that at once by saying, "that is, there is a presumption in its favor which can be overcome and rebutted by the defendant"—this doubtless having reference to the fact that the referee's report goes in solely as an exhibit, being *prima facie* evidence of all the facts therein found and reported. Practice act 1903, section 155, page 579.

The amendment to pleadings is within the discretion of the court and therefore not the subject of an appeal. *Crawford* v. *New Jersey Railroad Co.*, 28 *N. J. L.* 479, 481, unless, of course, there is an abuse of discretion, which there does not seem to be in this case and which we do not understand appellant to argue there was. Appellant's argument is that the court misconceived the law.

It is the propriety of the court's ruling, and not the reason given therefor with which we are here concerned.

We are of the opinion that he was acting within the scope of a trial court's authority in refusing to permit the amendment, and that his action in so doing was not an abuse of discretion and, therefore, it is not appealable.

If we are right as to this and right as to the correctness of his refusal to permit proof at variance with the pleadings, then it necessarily follows that the court properly instructed the jury to disregard any testimony that had been introduced to the effect that the top price was $7,000.

We conclude that the judgment should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 15.

*For reversal*—None.