WLLIAM F. FAHERTY, PLAINTIFF-APPELLEE, v. JOSEPH M. BRANEGAN, DEFENDANT-APPELLANT.

Argued October 18, 1933—Decided January 5, 1934.

For the appellant, *Frank W. Hastings.*

For the appellee, *William E. Blackman.*

The opinion of the court was delivered by

TRENCHARD, J. These two cases, both between the same parties and entitled the same, were instituted in the Trenton City District Court. They were tried together by consent and the jury returned a verdict in each case for the plaintiff below. An appeal was taken by the defendant to the Supreme Court in each case and such judgments were there affirmed. Thereafter an appeal in each case was taken by the defendant to this court.

The first point is that the District Court was without juris-diction, it being contended that there was only one claim

amouning to $750 which was illegally split into two claims, one of them for $500 and the other for $250, so as not to exceed the statutory jurisdiction of the District Court.

We are of the opinion that there is no merit in this contention. The record shows that the $500 claim was for the appraisal of certain real estate and testimony as an expert witness before commissioners in a condemnation proceeding in March, 1930; and that the $250 claim was for testifying as an expert on the appeal taken by the present defendant to the Circuit Court in June, 1930. As we see it the evidence on this point shows that the two matters were separate employments, although both related to the same property; that the first covered the trial before the commissioners only and that service was completed; that defendant then took an appeal to the Circuit Court and afterward, and prior to the trial before the jury in the Circuit Court, the plaintiff was asked by the defendant to testify in the trial of the appeal and plaintiff's compensation was then agreed upon, and that such testimony was not contemplated in the original employment.

We think that under familiar rules such evidence fully justified a finding that there were two separate employments, bringing claims for each within the District Court's jurisdiction. *Hilton* v. *Branegan,* 10 *N. J. Mis. R.* 729; 160 *Atl. Rep.* 577; *Paton* v. *Doyne,* 74 *N. J. L.* 319; 65 *Atl. Rep.* 843.

The next and last point made by the defendant is that the District Court improperly excluded evidence to prove defendant's alleged set-off in the action for the claim of $500.

We think there is no merit in this point.

It appears that plaintiff's action, in which the set-off was filed, was commenced by summons which was duly served on November 30th, 1931; that plaintiff's demand was filed and both actions were ripe for trial on December 10th, 1931; that by consent both actions were adjourned from time to time until September 27th, 1932, when on this last mentioned day the defendant filed in the suit for the claim of $500 the set-off of two judgments against the plaintiff assigned to the defendant, one assigned on January 15th, 1932, and the other in May, 1932.

The trial judge considered that these assignments, not having been made to the defendant until more than six weeks after the suit was commenced in which they were filed, were not the subject-matter of a set-off, and so excluded the evidence.

We think that was right. The rule is that a set-off must have been a subsisting right in the defendant at the time the action was commenced. *Johnson* v. *Kaiser,* 40 *N. J. L.* 286; *Whitaker* v. *Turnbull,* 18 *Id.* 172.

The judgments in both cases will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD,.CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 13.

*For reversal*—None.