ANTOLE VINIK, PLAINTIFF-APPELLANT, v. NIAGARA FIRE INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued October 3, 1933—Decided March 23, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Joseph T. Lieblich.*

For the respondent, *Arthur T. Vanderbilt* and *David Stoffer.*

The opinion of the court was delivered by

HEHER, J.  Respondent undertook, by two policies of insurance issued to appellant, to indemnify him against loss and damage sustained to a farm dwelling house and chattels contained therein by fire.  Appellant claims that the damage to the building was in excess of $6,000, the full coverage of the two policies thereon, and that his personal property was damaged in the sum of $707.  The actions were tried together, and the jury returned a verdict for defendant.

The first point urged by appellant is that the trial judge erred in permitting an amendment to the answer interposed in one of the actions, to include defenses setting up (1) breach of a warranty by plaintiff that the insured building would be occupied exclusively for dwelling purposes; (2) a change other than by death of the insured in the possession

of the subject of insurance, with increase of hazard, without an agreement to that effect being endorsed on the policy or added thereto, as provided by the terms of the policy; and (3) the existence of another policy in the sum of $1,500 covering the building. This contention is without merit. Appellant's counsel consented to the amendment averring the existence of another policy. As to the others, while an exception was taken, no ground of objection was stated. Surprise was not alleged. Counsel merely stated: "I came here prepared to try the case on the issues raised." But this is manifestly not a claim of surprise. The amendment of a pleading is within the discretion of the court, and therefore not the subject of a ground of appeal, unless there is an abuse of discretion. *Allen, Inc.*, v. *Spring Street Realty Co.*, 111 *N. J. L.* 88; 166 *Atl. Rep.* 199. There was no abuse of discretion here.

The third and fourth grounds of appeal have been abandoned. The second, fifth and seventh challenge rulings on evidence. The question made the basis of the second ground for reversal was clearly a proper one. Its purpose was to show that he acquired the property by gift from his mother a year before the fire. No exception was taken to the questions made the subjects of the fifth and seventh grounds.

The next point made is that the trial judge erred in *directing* a witness to use a written memorandum to aid him in testifying, and in denying appellant an opportunity to examine the witness as to the necessity for its use. The witness, an expert, was asked to give an estimate of the replacement value of the insured building. We are not aware of any reason why he should not have used the memorandum, if he found it necessary to do so. But counsel for appellant complains that he was not first allowed to examine the witness with respect to the need of it. He inquired "may I examine the witness on the use of the paper?" and the trial judge replied in the negative. Assuming, without deciding, that this was error, it does not appear that the witness actually used the memorandum to refresh his recollection. The trial judge did not *direct* him to use the memorandum. He

merely said: "If you need the paper to refresh your recollection, you may refer to it." But it does not appear that he did refer to it. Moreover, the error, if any, was harmless. The witness was exhaustively cross-examined in reference to his estimate of the replacement value. After all, the vital question was the accuracy of his estimate, not the circumstances connected with the making of the memorandum and the necessity for its use. The memorandum was not, in any sense, conclusive on the question of value.

The next point is that there was error in an observation of the trial judge that the relative cost of brick and frame buildings was a matter of common knowledge. The ground of objection seems to be that the court, in saying that "it is almost a matter of common knowledge that eighty cents a cubic foot for construction of this kind is absurd," committed prejudicial error. If so, it was corrected in the charge. The statement was there entirely withdrawn. Moreover, there was no ruling that can be made the subject of a ground of appeal. Counsel merely excepted "to your honor's remark," adding that "the witness' testimony is for the determination of the jury;" to which the court replied: "Yes, proceed. I will leave it to the jury." This seemed to satisfy counsel, and there the matter ended, except that the court, in his charge, withdrew the statement from the jury's consideration in a wholly satisfactory manner.

It is also insisted that there was error in the court's refusal to charge a request to the effect that defendant must "affirmatively prove that changes made by a tenant which increased the hazard were made with knowledge to or the consent of the owner or his agent." No exception was taken to the refusal to charge this request, and it is therefore not the subject of a ground of appeal.

Appellant next challenges the instruction that "if you find that at any time after the issuance of the policy in suit, the fire hazard was increased by any means within the control or knowledge of the plaintiff," the verdict should be for defendant; and also that portion of the charge wherein the court said that if the jury found "that alcohol was kept, used

or allowed in the premises * * *, and if you further find that alcohol is an explosive," the verdict must be for defendant.

We find the criticism of the charge in these respects to be without merit. It is not contended that these excerpts from the charge are not technically accurate, if factually supported, but it is said there was no evidence justifying the instructions. This is not so. There was evidence tending to establish that the building was used for the manufacture of alcoholic liquors, and from this it was fairly inferable that alcohol in substantial quantities was kept upon the premises and that it was an explosive liquid within the intendment of the policy provisions.

Judgment affirmed, with costs.