DANIEL J. KNIGHT, PLAINTIFF-RESPONDENT, v. BOSTON INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

DANIEL J. KNIGHT, PLAINTIFF-RESPONDENT, v. PHILADELPHIA FIRE AND MARINE INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Argued February 6 and 7, 1934—Decided May 4, 1934.

For the plaintiff-respondent, *King & Vogt*.

For the defendants-appellants, *Lum, Tamblyn & Colyer*.

The opinion of the court was delivered by

WELLS, J.   These are appeals from judgments entered upon verdicts in the Supreme Court in favor of the plaintiff.

There were four suits, three of which were on fire insurance policies covering the plaintiff's residence in Morristown, and the fourth on a policy covering the personal property in said residence.

These two appeals raised the questions presented in the four cases and the judgments in the other cases will follow this.

The facts briefly are as follows:   On Friday evening, August 5th, 1932, between ten and eleven o'clock, a fire evidently of incendiary origin, broke out in the plaintiff's house and partially destroyed it and greatly damaged its contents.

During and after the fire, nine wooden kegs of gasoline, some burned out and some intact, distributed at various points in the house, containing in the aggregate approximately forty gallons of gasoline, were found by the firemen.

The house was vacant at the time, the plaintiff's family being away on a vacation in Massachusetts.

Some nine or ten hours before the fire, the plaintiff, his secretary and an employe had left the premises, leaving the door leading into the cellar unlocked but closed, and the plaintiff then departed for Massachusetts and was there at the time the fire occurred.

It was the contention of the insurance companies that the fire was set by the plaintiff, but an examination of the testimony discloses no evidence of that fact nor is there any evidence that the plaintiff in any way arranged with anyone else to set the house afire or in any way acquiesced in it or had any knowledge thereof.

The appellants' first point is that the court erred in refusing to direct a verdict in their favor, on the ground that in an examination submitted to by plaintiff before the trial under the terms of the policy, the plaintiff swore falsely.

The policy was of the standard form and contained the usual clause, namely, "this entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter related to this insurance, or the subject thereof, whether before or after a loss."

The appellants say that on this examination the plaintiff falsely swore that the taxes for 1930 and 1931 were paid, whereas in fact they were not.

We do not so read the plaintiff's testimony.

As to the 1930 taxes, the record shows that the plaintiff first said they were paid, then corrected that statement by saying, "well, I declare, I feel sure I don't know."

As to the 1931 taxes, plaintiff in answer to the questions, "were the taxes for 1931 paid?" replied, "part of them, I believe;" and when asked, "are you sure of that?" answered, "I believe part of them."

The defendants' testimony showed that neither the 1930 nor 1931 taxes had been paid.

There is no testimony in the case to show that the plaintiff knew that the taxes for 1931 were not paid when he said he believed part of them paid. He evidently believed, though erroneously, that they were paid. No false swearing can be spelled out of the questions and answers as to the payment of the taxes.

Then it is said that plaintiff swore falsely with respect to interest due on a mortgage on the said premises.

The plaintiff was asked if he had paid the interest on the mortgage that was due the last six months before the fire, and answered "there might have been six months due on it, that would be all;" and when asked if he was sure of that he said, "positive it would not be over six months."

The interest on the mortgage was due semi-annually and paid to November 26th, 1931. The payment due May 26th, 1932, had not been met.

There was an accrual of interest from May 26th, 1932, to the date of the fire which was also unpaid. The defendants claim that this was a false swearing such as to avoid the policy. I do not so read the testimony.

While it is true that more than six months' interest had accrued, there was at the time of the fire (August 5th, 1932) only one six months' installment of interest due. The next six months' interest would not become due until November 26th, 1932.

The condition in an insurance policy which provides that all fraud, or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claim under the policy, is available as a defense only when it appears that the assured knowingly and intentionally swore falsely. Mere mistake in stating facts is not sufficient to sustain the defense. *Carson* v. *Jersey City Insurance Co.,* 43 *N. J. L.* 300, 302; *affirmed,* 44 *Id.* 210.

Furthermore, where there is a lack of conclusive and unquestioned proof of the willful falsity of a representation,

the question is one for the jury. *Prahm* v. *Prudential Insurance Company of America,* 97 *N. J. L.* 206.

The question of whether or not the plaintiff swore falsely either at the trial or at his examination before the trial was fully presented to the jury in a charge in which the court used the exact language that defendant's counsel requested, and the jury found as a fact that the plaintiff did not swear falsely at any time.

We find no error on the part of the trial court in refusing to direct a verdict for the defendants on the ground that the plaintiff swore falsely.

It is next contended that the trial court erred in refusing to direct a verdict for the defendants on the ground that there was a quantity of gasoline on the premises in excess of that permitted by the policies; and also that the trial court erred in not charging the jury as requested by the defendants as follows:

(1) "If you find from the testimony that there was on the premises gasoline or other products of petroleum of greater inflammability than kerosene of the United States standard in excess of one quart, you must return a verdict for the defendant."

(2) "If you believed from the evidence that gasoline or other products of petroleum of greater inflammability than kerosene of the United States standard in excess of one quart were kept, used or allowed on the insured premises, whether permanently or temporarily, with or without the knowledge of the plaintiff, you must return a verdict for the defendant."

These requests were evidently founded upon the provision in the policies that they should be void "if there be kept, used or allowed on the above described premises, gasoline," and upon the further provision that the policies should be void "if the hazard be increased by any means within the control or knowledge of the assured." The requests were broader than the terms of the policy and if charged, would have required the jury to find that if the hazard were increased by an incendiary bringing gasoline on the premises without the

plaintiff's knowledge, the jury must render a verdict for the defendants.

In *Queen Insurance Co.* v. *VanGiesen,* 136 *Ga.* 741; 72 *S. E. Rep.* 41, the court held that if an employe of the assured carried a can of gasoline upon the premises for the purpose of burning the house without assured's knowledge and complicity, directly or indirectly, and it was so used, such act does not constitute keeping, using and allowing gasoline on the premises.

In *George* v. *Mohawk Fire Insurance Co.,* 236 *App. Div.* 157, the New York Appellate Division held that another's use of gasoline without the owner's knowledge as a means to destroy a building was not within the provisions avoiding a policy if gasoline was used.

The words "kept, used or allowed" have a significance. They impute knowledge or acquiescence or affirmation by the assured or someone under his control.

The burden of proof was on the defendants to show that the plaintiff increased the hazard or kept, used or allowed gasoline upon the premises contrary to the conditions of the policies, before a jury would be warranted in finding for the defendants.

The question was primarily one for the jury and it was fully and completely submitted to the jury by the court.

Appellants' counsel insists that these provisions and others in the policies which he quotes are warranties, and that a breach of warranty voids the policies and he cites *Carson* v. *Jersey City Insurance Co., supra,* and other cases to the effect that if an insurance policy contains a condition which in law amounts to a warranty on the part of the assured, he can derive no benefit from the policy unless the condition has been literally performed. And it is immaterial to what cause non-compliance is attributable.

Our examination of the warranties in the policies in question leads us to the conclusion that the defendants in asserting that the policies contained affirmative warranties by the plaintiff that gasoline would not be on the premises, are

endeavoring to read into the warranties something that is not in them.

We do not understand the policies to warrant that under no circumstances would gasoline be brought upon the premises without the knowledge of the assured.

. It would seem to us, therefore, to follow that if the jury found as a fact, which it was justified under the testimony in doing, that gasoline was brought upon the premises by an incendiary without the knowledge or consent of the plaintiff, it ought not, under a proper interpretation of the meaning of the warranties contained in the policies, result in defeating his claim.

We conclude, therefore, that the trial court did not err in refusing to direct a verdict for the defendants, or to charge the jury as requested by the defendants.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.