F. W. WOOLWORTH & COMPANY, A CORPORATION OF THE
STATE OF NEW JERSEY, PROSECUTOR, v. BEN B.
ZIMMERMAN, TRUSTEE FOR SUMMIT HOLDING COM-
PANY, A CORPORATION OF THE STATE OF NEW JER-
SEY, DEFENDANT.

Argued May term, 1935—Decided June 26, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Thomas G. Walker.*

For the defendant, *Alfred Brenner.*

BODINE, J. Prosecutor seeks to review three judgments for
rent for the months of July, August and September, 1934,
respectively. The actions were based upon an obligation to
pay as holdover tenants in certain premises in Union City,
New Jersey. The actions were simultaneously brought on Sep-
tember 12th, 1934, a separate suit for each month's rent.
On that date, all the rentals had accrued but no motion to
dismiss, because the aggregate of the rentals exceeded the
jurisdiction of the court, was made until after the judgments
were rendered.

That an action could have been brought as each installment
accrued is clear, but the landlord having waited until several
installments were due, could not maintain separate actions.
1 *Corp. Jur.* 1112, § 287. The action for rent is for a breach
of contract. The damages to be recovered are the rents due
at the time the action is brought. That the obligation, if

any, in this case was predicated upon the fact that the tenant had held over beyond the end of the term in no sense altered the legal situation. The contract to pay rent was implied and the damages would be the same as though it were express. Those damages, accrued up to the beginning of the suit, constituted one cause of action.

"No principle of law is more firmly established than that a single or entire cause of action cannot be subdivided into several claims, and separate actions maintained thereon." *Smith* v. *Red Top Taxicab Corp.*, 111 *N. J. L.* 439, 441; 168 *Atl. Rep.* 796.

We think that an action for breach of an entire contract is quite different from actions because of separate employment as in *Faherty* v. *Branegan*, 112 *N. J. L.* 134; 169 *Atl. Rep.* 654.

The District Court is a court of limited jurisdiction and parties may not separate a cause of action so as to confer jurisdiction. The return here shows that situation. The court being without jurisdiction to entertain these separate actions for one claim, brought as they were after all the damages had accrued, the judgments were null and void. Jurisdiction cannot be conferred by consent or the right to object be lost by acquiescence. *Kaufman* v. *Smathers*, 111 *N. J. L.* 52; 166 *Atl. Rep.* 453.

The judgments are set aside, with costs.