MONMOUTH COUNTY CIRCUIT COURT.

MABEL WHITE (PLAINTIFF),RESPONDENT, v. STANLEY GIFFORD (DEFENDANT)-PETITIONER.

Decided September 25, 1936.

For the petitioner, *Kremer & Proctor.*

For the respondent, *Elvin R. Simmill.*

LAWRENCE, C. C. J. Petitioner seeks to review by writ of *certiorari* out of this court the legality, in the jurisdictional sense, of a judgment entered against him for $150 and costs in the Small Cause Court, before Neil Algor, a justice of the peace. The action was in tort and damages in $200 were demanded. Such a proceeding here is recognized as supported by constitutional and statutory authority. *Dufford* v. *Decue,* 31 *N. J. L.* 302.

The allegation of petitioner is that he was illegally served with process in the suit at his residence in the borough of Belmar, the territory of which is within the jurisdiction of the District Court of the First Judicial District of the county of Monmouth (*Pamph. L.* 1913, *ch.* 22, *p.* 36; 1 *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 954, § 61-1K), and that the Small Cause Court in question was without authority either to issue process against him or to entertain the suit, since he was a

resident of the borough and the amount demanded was in excess of $50, inasmuch as the county is one of those bordering on the Atlantic ocean. That the Small Cause Court has no jurisdiction where any defendant resides within a municipality wherein a District Court is established is indicated. The pertinent acts of the legislature will be found in the session laws of 1903, chapter 165 (3 *Comp. Stat., p.* 2981); 1908, chapter 49; 1921, chapter 211, and 1923, chapter 175; while reference may also be had to 1898, chapter 228, section 31. *Cum. Supp. Comp. Stat.* 1911-1924, *pp.* 963, 964, § 61-31.

On presentation of the petition, with affidavit of verification, a rule was allowed requiring respondent to show cause why the judgment in the Small Cause Court should not be declared void and vacated. On the argument, her counsel conceded that at the time of the institution of the suit in the lower court, defendant (petitioner) was a resident of the borough of Belmar, that process had been served upon him there, and that the municipality had been included in the act of 1913 creating the First Judicial District of the county of Monmouth and subject to the provisions of the District Court act.

He suggested, however, that that particular part of the borough in which petitioner lived had been annexed to it after the District Court had been created, and that its jurisdiction should be regarded as limited to the boundary of the borough as it was in 1913, and that the jurisdiction of the Small Cause Court had not been affected, so far as petitioner was concerned, for that reason. It is to be observed that counsel had not been able to find any judicial authority supporting the suggestion, for the quite obvious reason, it would seem, that it is fundamental that local government in all its departmental activities, including such facilities of a judicial nature as may be provided by law, extends throughout the territory of a municipality and automatically, as it were, to such extensions as may be provided for by law from time to time. It was admitted that part of the adjoining township of Wall had been annexed to the borough, pursuant to legis-

lative authority. See *Pamph. L.* 1907, *ch.* 25; *Pamph. L.* 1910, *ch. 9,* and *Pamph. L.* 1931, *ch.* 337 (*N. J. Stat. Annual,* p. 545).

On the argument of the rule, the facts were not disputed and it was agreed that if the court's conclusion should be that the Small Cause Court had no jurisdiction over the person of petitioner and the subject-matter of the suit, because involving damages in excess of $50, and had been prohibited from exercising jurisdiction by reason of the existence of a District Court within the territory in which he resided, the writ of *certiorari* should be allowed and, on its return, should be disposed of on the basis of such conclusion without further argument. The matter here considered, it was admitted, had been raised in the court below, before the hearing of the action there had been fully argued and decided by the presiding justice of the peace adversely to petitioner. It may be said, consequently, that a case such as *Doll* v. *Shafto,* 10 *N. J. Mis. R.* 564; 160 *Atl. Rep.* 81, has no application here. Cases which do appear germane are *Gordano* v. *Lunetta,* 82 *N. J. L.* 338; 82 *Atl. Rep.* 525; *Kaufman* v. *Smathers,* 111 *N. J. L.* 52; 166 *Atl. Rep.* 453; *Public Service Co-ordinated Transport* v. *Nemeth,* 9 *N. J. Mis. R.* 500; 154 *Atl. Rep.* 408; *Aumack* v. *Cotton,* 9 *N. J. Mis. R.* 1321; 157 *Atl. Rep.* 549, and *F. W. Woolworth Co.* v. *Zimmerman,* 13 *N. J. Mis. R.* 505; 179 *Atl. Rep.* 474. The writ of *certiorari* prayed for will be allowed.