FRANCES JACKSON, RELATOR, v. JAMES KIRKPATRICK, COLLECTOR OF THE TOWNSHIP OF RARITAN, RESPONDENT.

Submitted May 15, 1936—Decided September 29, 1936.

128

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the relator, *David T. Wilentz.*

For the respondent, *Thomas L. Hanson.*

BROGAN, CHIEF JUSTICE. This case is before us on alternative writ of *mandamus,* a return thereto and a demurrer to the return.

The facts may be stated thus: The relator is the owner of four lots in Raritan township, Middlesex county. The governing body of the township adopted an ordinance providing for the improvement of the street on which these lots fronted by laying a new roadway pavement. It was a local improvement. . The property of the relator was assessed for benefits in the amount of $1,889.05. The assessment was confirmed by the governing body on October 13th, 1933. An appeal was taken under the statute. The Circuit Court of Middlesex county reduced the assessment to $1,032.11. Thereafter the township reviewed this determination by *certiorari* and the Circuit Court order was affirmed. At the time the assessment was confirmed by the governing body, prior to the appeal to the Circuit Court, it was provided by resolution that the owners of the land assessed might pay the assessment in ten annual installments with interest at the rate of six per cent. per annum, installments to be payable on November 15th, of each year.

On November 7th, 1935, the relator tendered the first installment to the collector of the township in the sum of $103.21 without interest. The tax collector refused to accept the sum unless interest was included from the date the governing body confirmed, to wit, October 13th, 1933. The relator contends that she is not obliged to pay interest on this installment; that the true amount was not fixed until July 20th, 1934, and that the further delay in ascertaining the true amount was due to the review by *certiorari* instituted by the township authorities.

The statute provides for the payment of interest where assessments shall not have been paid within two months after the date of confirmation (chapter 152, *Pamph. L.* 1917, *p.* 382, *art.* 20, § 28).

The relator relies upon the case of *Newark Home Builders Co.* v. *Township of Bernards,* 90 *N. J. L.* 361, as authority for her position. This case, in our judgment, does not support her contention. In that case an assessment was made for a sidewalk improvement and it was set aside and a new assessment ordered. The difference between that case and the one under consideration is clear. Here the assessment was not set aside in the sense that it was voided, but on appeal to the Circuit Court the amount of the assessment was corrected in accordance with the statute, *supra.* (Cf. article 20, section 42.) The exact mechanics of an appeal or review of an assessment are set forth with particularity in the statute and when an appeal of an assessment is heard in the Circuit Court, the provision is that "said court shall determine whether or not the assessment for benefits * * * appealed from upon * * * any parcel of land or real estate is a just and fair assessment * * * and, if not, shall make an order correcting the same, &c."

It is clear therefore that the proceeding in this case was not vitiated but that the amount of the assessment was reduced or corrected. We conclude that interest should be charged from the time the assessment was confirmed by the governing body. This rule seems to us a just one since the local improvement in question had been finished for some time and

the cost thereof paid by moneys borrowed for that purpose by the municipality. If the interest was not chargeable to the person whose lands were benefited it would mean that the interest charges would be included in the municipal budget with the result that at least part of the cost of this local improvement, *i. e.,* the interest charges, would have to be met by the taxpayers generally, who had had no particular benefit from the local improvement.

The writ will be dismissed, and judgment may be entered for the respondent, with costs.