MARIA C. PROCACCI, PLAINTIFF-APPELLANT, v. UNITED STATES FIRE INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Argued February 4, 1937—Decided July 7, 1937.

For the plaintiff-appellant, *N. Thomas Smaldore* (*Samuel P. Orlando,* of counsel).

For the defendant-respondent, *Arthur T. Vanderbilt* (*G. Dixon Speakman,* on the brief).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE.  The trial court directed a verdict in favor of the defendant and the plaintiff appeals from

the judgment entered thereon. The suit was brought upon a policy of insurance for $4,000, insuring the plaintiff against loss of or damage to her property by fire. The contract insured a frame building owned by plaintiff "while occupied as a store and dwelling." The policy was issued on October 10th, 1934. On August 25th, 1935, the fire occurred and the plaintiff alleges she suffered a loss amounting to about $2,900.

The motion for directed verdict, which the trial court granted, was advanced on the ground that the plaintiff had violated a warranty of the policy, namely, that the insured premises would be occupied as "a store and dwelling," and on the further ground that a still had been installed in the premises. The court, granting the motion, said there had been "a violation of the warranty on the part of the insured as to the use of the building other than a store and dwelling, namely, by the use of the premises for the operation of a still for some period after the policy became effective."

If, therefore, the premises were occupied and used for a purpose alien to the promised use, *at the time of the fire,* or there was a failure *at that time* to devote the premises to the uses stipulated in the agreement (*e. g.,* by non-user when specific user was particularized) and this misuser or non-user constituted a breach of warranty, then the contract is avoided. The question then turns upon the meaning of the term "warranty" in the policy of insurance.

The proofs in the case disclose that on April 1st, 1935, the plaintiff leased the insured premises to a tenant who installed and operated a still therein. About twelve days later the police authorities discovered the still, dismantled and removed it, and arrested the tenant. Four months after that event the fire occurred. It was not proved, nor is it argued by the respondent, that the owner of the premises had any knowledge that the hazard had been increased by the introduction and operation of a still in the premises. To defeat the policy on this score, even assuming the breach caused by installing the still was effective after it was dismantled, it would have been necessary to prove that the insured had control or knowledge

of the increased hazard, or that the circumstances were such that by the exercise of ordinary care and diligence, knowledge on the part of the insured would result. *Krieg* v. *Phoenix Insurance Co.*, 116 *N. J. L.* 467, 474; *Richards on the Law of Insurance* (4th ed.) 403, § 253; 26 *C. J.* 221, § 268; *Patriotic Insurance Co.* v. *Franciscus*, 55 *Fed. Rep.* (2d) 844, 847, and cases cited therein; *Knight* v. *Boston Insurance Co.*, 113 *N. J. L.* 132; 172 *Atl. Rep.* 594.

We take it therefore that the policy was not invalidated in any event by the increase in hazard, due to the operation of a still, when the record is innocent of proof that the owner had knowledge of this condition that increased the hazard, or, by the exercise of ordinary care and diligence, was chargeable with such knowledge. *Krieg* v. *Phoenix Insurance Co., supra.* As to whether in such case the diversion from stated use would avoid the policy or merely suspend its operation while the diversion continued, the cases are not in accord and we need not decide that point.

We turn now to the use to which the premises were devoted at the time of the fire. It appears that the husband of the plaintiff was in the fruit business. Occasionally he sold at retail but he was engaged chiefly in the wholesale trade. For some months prior to the fire and at the time the fire occurred he used the premises to store bananas. During this interval, the premises were not used for dwelling purposes. Was this such breach of warranty as to defeat the contract? We think it was.

Warranties may be express or implied and affirmative or promissory. "An express warranty is a particular written statement or stipulation inserted on the face of the policy itself, or clearly embodied therein as a part thereof by proper words of reference, whereby the insured expressly agrees that certain facts are, or shall be, true, or that certain acts have been, or shall be done, and upon the literal truth or exact fulfillment of which the validity of the contract of insurance depends, it being permissible that the warranty relate to past, present or future, or each, or all." 4 *Couch on Insurance* 2821, § 858. Implied warranties are of a kind that infre-

quently arise save in maritime insurance and do not concern us here. "An affirmative warranty is one which asserts the existing fact or condition, and appears on the face of the policy, or is attached thereto and made a part thereof." *Couch, &c., Id.* See, also, 14 *R. C. L., tit. "Insurance,"* § 206. In this class of warranty the insured stipulates the truth of certain facts. Promissory or executory warranties arise where the insured undertakes to perform some executory stipulation; as that certain acts shall, or will be done, or that certain facts shall or will continue to exist.

. Warranties are readily distinguished from representations. The former are actually integral parts of the contract or are expressly made part thereof by reference. They relate to the risk and it must appear that they are intended to form part of the contract. They must be literally true and strictly fulfilled or the policy is void. Representations are statements that precede the contract, are not part of it, need only be substantially true, and, as a rule, will not invalidate the insurance contract except for fraud. 14 *R. C. L., Id.,* § 207 ; 4 *Couch, Id.,* § 808 ; *Dewees* v. *Manhattan Insurance Co.,* 35 *N. J. L.* 366.

In the Dewees case, *supra,* the insurance company agreed to insure a building occupied as a country store. The court held this statement in the policy was a warranty on the part of the insured.

In *Sonneborn* v. *Manufacturers Insurance Co.,* 44 *Id.* 221, the policy of insurance provided that the premises, which were burned, were not to be left unoccupied. They were unoccupied at the time of the fire and the court held this to be a breach of warranty. Compare *American Life Insurance Co.* v. *Day,* 39 *Id.* 89, which points out the distinction between representations and warranties.

In *Franklin Fire Insurance Co.* v. *Martin,* 40 *Id.* 568, it was held that the description in a policy of the property insured, as a building "occupied as a dwelling and boarding house," defines the character of risk assumed and is a warranty that the property, at the time of the insurance, was occupied for that purpose. It was not wholly so occupied at

the time of the fire (at *p.* 572). In *Dougherty* v. *Greenwich Insurance Co.,* 64 *Id.* 716, it was held that the description contained in a policy of insurance, "frame dwelling house," excluded any other use of the building than as a dwelling; that the words constituted a warranty against such other use and the falsity of that warranty, up to the time of the fire, voided the contract. See, also, *Dimick* v. *Metropolitan Life Insurance Co.,* 67 *Id.* 367, 372; *Kupfersmith* v. *Del. Insurance Co.,* 84 *Id.* 271; *DelGuidici* v. *Importers Insurance Co.,* 98 *Id.* 435; *Neilson* v. *American Mutual Insurance Company of Boston,* 111 *Id.* 345; *Krieg* v. *Phoenix Insurance Co., supra.*

We conclude therefore that it is settled beyond dispute in this state that a statement in the contract of insurance that the property shall be insured while occupied as a store and dwelling, amounts to a warranty that it shall be so occupied and that a violation thereof, existing at the time of the loss, is a breach of contract which voids the instrument.

Almost the entire burden of the appellant's argument is directed at the proposition that the presence and operation of a still in the insured premises four months prior to the fire will not vitiate the policy especially since that situation was unconnected with the cause of the fire, and the appellant argues that that was the ground upon which the court directed the verdict. We do not conceive that this accurately states the entire ground upon which the trial court directed the verdict, and deem it unnecessary to decide whether that ground would suffice to support the direction; for a judgment will be sustained "although the reasons given by the court below are incomplete, or even erroneous, if in fact the direction was proper upon other grounds appearing in the case." *Beach, &c.,* v. *Palisades Realty and Amusement Co. et al.,* 86 *N. J. L.* 238; *McCrory Stores Corp.* v. *Braunstein,* 99 *Id.* 167; *Somers Lumber Co., &c.,* v. *Kaufman et al.,* 102 *Id.* 601.

In the case before us, the policy being of the New Jersey standard form, the provision, "while occupied as a store and dwelling," is definite, precise and unambiguous and contemplates use and occupancy of the building for the purposes

stated. *Connecticut Fire Insurance* v. *Buchanan,* 141 *Fed. Rep.* 877, 881; *Home Insurance Co.* v. *Currie et al.,* 54 *Fed. Rep.* (2d Series) 203. In these cases, similar statements in the policies as to the use to which the premises insured would be put were held to be continuing warranties. They also point out that contracts of insurance, if they are clear and unambiguous, are to be taken and considered in their plain and ordinary sense, which rule is in accord with our own. *Precipio* v. *Insurance Company of Pennsylvania,* 103 *N. J. L.* 589; 157 *Atl. Rep.* 549; *Vozne* v. *Springfield Fire, &c., Insurance Co.,* 115 *N. J. L.* 449, 451; 180 *Atl. Rep.* 852; *Krieg* v. *Phoenix Insurance Co., supra.*

The only other contention made by the appellant is that the defendant was not entitled to a judgment because it failed to return, or tender a return of, the unearned portion of the premium on the policy in question. As to this, it is sufficient to say that the point is not now available to the appellant to bring about a reversal, even if the point were meritorious. We express no opinion whatever on whether it has merit. The question was not raised in the court below. Only an objection which was laid before the trial court will be considered by an appellate court in review of the trial court's judgment. *State* v. *Barris,* 78 *N. J. L.* 14; *McCloud* v. *Illinois Surety Co.,* 83 *Id.* 572.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.