First Judicial District Court of Monmouth County.

WILLIAM NOVOGROD, PLAINTIFF, v. KAYNE'S, INCORPORATED, OR IN THE ALTERNATIVE MAX KAYNE, DEFENDANT.

Decided April 19, 1938.

For the plaintiff, *David Goldstein*.

For the defendant, *Vincent P. Keuper*.

PROCTOR, D. C. J. The basic question to be decided is whether or not a judgment rendered by a Small Cause Court in excess of its jurisdiction may be attacked collaterally.

This is an action in replevin based upon the following facts: A judgment was obtained in this court for the Speed-O-Print Corporation against Kayne's, Incorporated. Execution was issued, levy made and a sale was held of the articles mentioned in the writ of replevin on February 3d, 1938. The plaintiff was the purchaser of the aforesaid articles at that sale.

In the defense of the present action it appears that one, Hubler, obtained a judgment out of the Small Cause Court holden before George Bailey, a justice of the peace, in the sum of $200, against the defendant. Execution was issued, levy made and the entire contents of the store were sold to Hubler.

The Small Cause Court is situate in the city of Asbury Park, and Kayne's, Incorporated, is also situate in the city of Asbury Park. The jurisdictional limit of the Small Cause Court is found in *Rev. Stat.* (1937) 2:8-46, which provides:

"Except as otherwise specifically provided by law, no Justice of the Peace or Small Cause Court shall have jurisdiction over any cause or proceeding cognizable before a District Court, where the defendant or defendants reside within any city or judicial district where a District Court is established, nor shall any Justice of the Peace resident within the limits of any city or judicial district where a District Court is or may be established, exercise any civil jurisdiction whatever."

The above section is modified as to counties bordering the Atlantic ocean by the following section (*Rev. Stat.* (1937) 2:8-47), which provides:

"In judicial districts that are or may be created in counties of this state bordering on the Atlantic Ocean, Justices of the Peace or Small Cause Court shall have jurisdiction in every such judicial district in every action of a civil nature where the debt, balance, damages or other matter in dispute does not exceed exclusive of costs the sum of $50.00, as if there were no judicial district in any such county."

From the above legislation it is readily discerned that the judgment of $200 by a justice of the peace situate in the city of Asbury Park is *coram non judice*. See *Aumack* v. *Cotton,* 9 *N. J. Mis. R.* 1321; 157 *Atl. Rep.* 549; *White* v. *Gifford,* 14 *N. J. Mis. R.* 788; 187 *Atl. Rep.* 46. That a judgment in an amount in excess of the jurisdiction of a court is void (as distinguished from voidable), seems to be well settled. The jurisdiction over the subject-matter of the suit cannot be acquired by consent. See *Trustees of School District No. 28* v. *Stocker,* 42 *N. J. L.* 115; *In re Hall,* 94 *N. J. Eq.* 108; 118 *Atl. Rep.* 347; *Palmer* v. *Freeholders of Essex County,* 77 *N. J. L.* 143; 71 *Atl. Rep.* 285.

It also seems to be well settled that a void judgment may be subjected to collateral attack. In *School Trustees* v. *Stocker, supra, t*he court said:

"A judgment pronounced by a tribunal having no authority to determine the matter in issue is necessarily and incurably void and may be shown to be so in any collateral or other proceeding in which it is drawn in question."

The status of a judgment rendered beyond the jurisdiction of the court is shown in *In re Strubles Estate*, 87 *N. J. Eq.* 311; 101 *Atl. Rep.* 177.

"A judgment which is absolutely void is entitled to no authority or respect and therefore may be impeached in collateral proceedings by any one with whose rights or interests it conflicts. * * * In order to make a judgment subject to collateral it must have been rendered by a court without legal organization or by a court without jurisdiction either of the person or the subject-matter." 34 *C. J.* 514.

Therefore, it follows that if there was no valid judgment in existence to uphold it, the execution under the aforesaid judgment may be attacked collaterally. I therefore find that the judgment of $200 rendered in the Small Cause Court was a nullity, and that that judgment, together with all proceedings thereunder, may be collaterally attacked in this court.

Therefore, let judgment of possession be entered in favor of the plaintiff.