16 N.J. Super. 258 (1951)
84 A.2d 552
WALTER F. HODGE, ADMINISTRATOR, C.T.A. OF ESTATE OF AGNES GRACE WILLIAMS, DECEASED, PLAINTIFF-APPELLANT,
v.
TRAVELERS FIRE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1951.
Decided November 15, 1951.
*260 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Leslie S. Kohn argued the cause for the appellant (Mr. Louis E. Saunders, attorney; Mr. Edward J. Madden, of counsel).
Mr. Saul J. Zucker argued the cause for the respondent (Messrs. Kristeller and Zucker, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal by the plaintiff from a judgment for defendant entered in the Hudson County Court pursuant to a jury verdict.
The plaintiff was duly appointed administrator cum testamento annexo of the estate of Agnes Grace Williams which included three houses located at XXX-XXX-XXX Pacific Avenue, *261 Jersey City. In August, 1947, the defendant issued three insurance policies which insured the "Legatees and Estate of Agnes Grace Williams" against loss by fire; policy No. 179935 covered 419 Pacific Avenue, policy No. 179936 covered 421 Pacific Avenue and policy No. 179934 covered 423 Pacific Avenue. In December, 1947, the three houses were damaged by fire and the plaintiff sought recovery on the policies to recover the amount of the loss. Hogan v. Hodge, 6 N.J. Super. 55 (App. Div. 1949).
The pretrial order dated January, 1951, discloses that the defenses asserted by the defendant were: (1) that the plaintiff was not the named assured and had no insurable interest, and (2) that the premises were used "for the housing of roomers in violation of a provision of the policy of insurance." At the commencement of trial in March, 1951, the court excluded the first defense as being without merit and the case proceeded on the issue of whether the premises were used for the housing of roomers in violation of a provision in the policies. After testimony was taken the court rendered judgment for the plaintiff on the policies which related to 419 and 421 Pacific Avenue and for the defendant on the policy which related to 423 Pacific Avenue. In due course the plaintiff sought to set aside the judgment for defendant, resting his motion upon a "no control clause" endorsement which had not been considered during the trial. Thereafter, the court vacated the judgment for defendant and directed that the matter "be set down for trial and heard on its merits."
On April 12, 1951, a new trial on the plaintiff's claim for the fire loss to 423 Pacific Avenue was held before another judge. The policy was introduced in evidence and the main body thereof, in the standard form prescribed by the Legislature, contained no express restriction against boarders or roomers. R.S. 17:36-5.7. However, endorsements attached to the policy included the following provisions, among others:
"Boarders  Permission is hereby granted for five boarders, or lodgers, in the dwelling, or more than five boarders or lodgers, it *262 being understood and agreed that in such case there is not more than a total of five bedrooms in the dwelling.
No Control Clause  This policy shall not be affected by failure of the insured to comply with any of the warranties or the conditions endorsed hereon in any portion of the premises over which the insured has no control."
See R.S. 17:36-5.5. Cf. R.S. 17:36-5.6; Herbert L. Farkas Co. v. New York Fire Insurance Co., 5 N.J. 604, 609 (1950). The plaintiff testified that the insured premises consisted of a three-story, one-family dwelling which was rented to Mrs. Small and was occupied by her as tenant at the time of the fire and for many years prior thereto. He was cross-examined at length as to his knowledge and control of her use of the premises. He stated that it was rented to her as a one-family house and that he was unaware of any other use; that he did not visit the premises except on a few occasions when asked to arrange for repairs, and that the rent was collected by an agent. Mrs. Small testified that there were five regular bedrooms in the premises which were occupied by her family and by Mr. and Mrs. Rice and daughter, Mr. and Mrs. Miller and Mr. Jones, as boarders. In addition, Mrs. Small's son occupied a bed which had been placed in the dining room. He had returned from military service about a year before the date of the fire and, there being no other quarters available, Mrs. Small arranged for his sleeping in the dining room.
At the conclusion of all of the testimony both parties moved for entry of judgment. The court denied these motions stating that it would send the case to the jury on the factual issue of whether there were five or six bedrooms in the house. Thereupon the attorney for the plaintiff inquired about the no control clause but the court indicated its view that the plaintiff could place no reliance thereon. The sole issue submitted to the jury related to the number of bedrooms and it was instructed to return a verdict for the defendant if it found that there were six bedrooms in the house. In support of his appeal the plaintiff rests entirely upon the contention that under the no control clause the court should either have *263 directed judgment in his favor or submitted the issue thereunder for the jury's determination. In opposition the defendant urges that the court did not commit error in denying the plaintiff's motion or excluding the no control clause from the jury's consideration; it makes no attack on the order which set aside its earlier judgment. Since the parties have confined their presentation to the effect of the no control clause we shall do likewise and omit consideration of other issues which might perhaps have been properly raised on the appeal.
Standard policy provisions have long afforded protection to fire insurance companies against increased hazards within the "knowledge or control" of the assured and many cases have considered the extent of a landlord's responsibility thereunder for action by his tenant. In Patriotic Ins. Co. of America v. Franciscus, 55 F.2d 844, 847 (1932) the court collected numerous authorities which support the prevailing view that under such provision a landlord "is not an insurer against the introduction of increased hazard, but that his liability depends upon his knowledge, or upon circumstances which, by the exercise of ordinary care and diligence, would result in such knowledge." This view has been adopted by our courts. See Procacci v. United States Fire Insurance Company, 118 N.J.L. 423, 425 (E. & A. 1937); Krieg v. Phoenix Insurance Company, 116 N.J.L. 467, 474 (E. & A. 1936). Cf. De Corso v. Concordia Fire Insurance Co., 121 N.J. Eq. 89 (E. & A. 1936); Knight v. Boston Insurance Co., 113 N.J.L. 132, 137 (E. & A. 1934). And it has been recognized that where the evidence presents a factual issue as to the landlord's knowledge and exercise of care it should be submitted to the jury for its determination. Schaffer v. Hampton Farmers Mutual F. Ins. Co., 183 Minn. 101, 235 N.W. 618 (1931), s.c., 183 Minn. 101, 236 N.W. 327 (1931), s.c., 187 Minn. 310, 245 N.W. 425 (1932); 2 A.L.R.2d 1173 (1948). Cf. Procacci v. United States Fire Insurance Company, supra; Vinik v. Niagara Fire Insurance Co., 112 N.J.L. 462, 465 (Sup. Ct. 1934).
*264 Under the foregoing principles it would appear that the lower court erred in excluding the issue raised by the plaintiff under the no control clause from the jury's consideration. If, as the jury might properly have found from the testimony, the plaintiff had no knowledge and was not, by the exercise of ordinary care and diligence, chargeable with knowledge, then he would come within the protection of the clause. Schaffer v. Hampton Farmers Mutual F. Ins. Co., supra. It seems to us that a contrary result would hold landlords and those similarly situated strictly accountable for tenants' acts beyond their ken or fair responsibility and run counter to the apparent purpose of the clause.
The defendant contends that, notwithstanding the foregoing, the lower court's action should be sustained because of the language used in the complaint and the pretrial order. Paragraphs 3 and 4 of the complaint alleged that the plaintiff as administrator cum testamento annexo has been in possession and control of the properties at XXX-XXX-XXX Pacific Avenue, directing the making of repairs, the collection of rents, and the payment of obligations, and has made application for permission to sell the properties in order to pay debts of the estate. Paragraph 3 of the pretrial order stated that the plaintiff's contention was that each property was let to an individual tenant "and such roomers as were in occupancy did not constitute a violation of the policy." Although the allegations of the complaint might have been expressed more astutely, they were not related to the policy endorsements and did give indication that the plaintiff was a landlord out of physical possession and collecting rents. Similarly, although the pretrial order might have been more carefully phrased, its general terms did not exclude the plaintiff's right to invoke the no control clause on the issue of whether there had been a breach of the policy. In any event, the defendant was aware that its earlier judgment was set aside because of the issue presented under the no control clause and the new trial was, in large part, conducted on that very issue. The complaint and pretrial order could readily have been amended *265 and since the failure to amend in nowise prejudiced the defendant we are disinclined to deprive the plaintiff of a just determination on the ultimate merits because of his attorney's omissions. Ciocca v. Hacker, 4 N.J. Super. 28, 33 (App. Div. 1949). Indeed, necessary amendments relating to the control issue which was actually tried during the second trial may in the interests of justice still be made. See Rule 3:15-2; Evans v. Rosenberg, 1 N.J. 590, 596 (1949). Cf. Binder v. Green, 8 N.J. Super. 88, 93 (App. Div. 1950).
The judgment entered in the County Court is reversed without costs and a new trial is ordered.