CHARLES SUYDAM, PLAINTIFF, v. PUBLIC INDEMNITY COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT.

Decided June 29, 1932.

For the motion, *Heine & Laird* (*John A. Laird,* of counsel).

*Contra, Arthur T. Vanderbilt* (*Mr. Jacobs,* of counsel).

Dungan, C. C. J.    In February, 1928, plaintiff was in
jured by a truck owned by Joseph Forte, as a result of the
negligent operation by William E. Bennett, and in March,
1929, he instituted suit against them and eventually obtained
a judgment against them for $22,000.   Execution was issued
on this judgment, and returned unsatisfied.   Hudson Casualty
Insurance Company had issued a policy of insurance indem-
nifying Forte to the extent of $10,000 for any accident result-
ing in injury to one person, and when the suit against Forte
and Bennett was commenced, the summons and complaint in
that action were sent to the Hudson Casualty Insurance Com-
pany, which subsequently, during the pendency of the action,
was merged into the Public Indemnity Company, the de-
fendant in this suit; and these companies—first the former
by its attorneys filed the answer for the defendants Forte and
Bennett, and then the latter by its attorneys, unsuccessfully
conducted the defense in that suit.   Upon the return of the
execution therein, this plaintiff brought this suit against the
Public Indemnity Company, the successor of the Hudson
Casualty Insurance Company, under the provisions of chap-
ter 153 of the laws of 1924, page 352, which is as follows:

"No policy of insurance against loss or damage resulting
from accident   *   *   *   shall be issued or delivered in this
state by   *   *   *   any insurer authorized to do business in
this state, unless there shall be contained within such policy a
provision that the insolvency or bankruptcy of the person in-
sured shall not release the insurance carrier from the pay-
ment of damages for injury sustained or loss occasioned dur-
ing the life of such policy, and stating that in case execution
against the insured is returned unsatisfied in an action
brought by the injured person   *   *   *   because of such in-
solvency or bankruptcy, then an action may be maintained by
the injured person   *   *   *   against such corporation under
the terms of the policy for the amount of the judgment, not
exceeding the amount of the policy."

The complaint in this case stated the action by the plain-
tiff against Forte and Bennett, the entry of judgment against

them, the issue of execution thereon, its return unsatisfied, the issuing of the policy in suit to Forte, and demanded damages in the sum of $10,000. The defendant by its answer set up two defenses, which may be summarized as follows:

1. That the policy required the assured to give immediate written notice of any accident causing loss covered by the policy, which he failed and neglected to do until more than a year after the accident resulting in the suit.

2. That the policy had a "named operator" endorsement, which provided that the policy should cover only while the automobile was being driven by Joseph Forte and Arthur Wood; and that, in violation of that endorsement, the automobile involved in the accident was being driven by William E. Bennett.

The plaintiff thereupon amended his complaint and alleged that the answer to the complaint in the action against Forte and Bennett was filed by the attorney appearing for them therein, at the request of the Hudson Casualty Insurance Company, which company retained and paid him; and that the attorney who tried the case for them in the Bergen County Circuit Court was engaged by the Public Indemnity Company, with which the Hudson Casualty Insurance Company had become merged in the meantime; that he was paid for his services by the Public Indemnity Company; that these acts of the Hudson Casualty Insurance Company and of the Public Indemnity Company constitute an admission that said companies insured Forte and Bennett; and that "the Public Indemnity Company is now estopped to deny that Forte and Bennett are covered by the said policy" in accordance with the policy limits therein contained.

In answer to this amended complaint the defendant says that on April 11th, 1929, Hudson Casualty Insurance Company wrote a letter to the assured Forte, disclaiming liability for failure to give immediate notice of the accident and for a violation of the "named operator" endorsement, and returned the papers in the case to him and suggested the employment by him of counsel to defend the action, but stating that the company would file an answer for him and defend

the action if he desired, but upon "the full reservation of our rights, and will not be any assumption of liability." This letter was returned by Mr. Forte with the following endorsement: "I hereby request that the Hudson Casualty Insurance Company undertake the defense of the suit of Charles Suydam *v.* Joseph Forte and William E. Bennett now pending in the Circuit Court of Bergen county, without further obligation on their part, in accordance with the contents of the above letter. (Signed) Joseph Forte."

A similar letter was written to Mr. Bennett, who also returned with a like endorsement.

Thereafter, under date of May 27th, 1931, Mr. Forte signed and delivered to the defendant, Public Indemnity Company, a non-waiver agreement, as follows:

### "NON-WAIVER AGREEMENT.

It is hereby agreed by and between Joseph Forte, hereinafter called the Insured, and the Public Indemnity Company, hereinafter called the Company, that the Company shall by its representative, and at such time and in such manner as it deems advisable, proceed to, and, investigate, a certain accident which occurred, or is alleged to have occurred on or about the 14th day of February, 1928, at Creskill, New Jersey; and this agreement and investigation and/or any act performed, or thing done, by the said representative, the Company or by or in its behalf, including, but not limited to, all proceedings necessary to the legal defense of any action or suit arising therefrom or in connection therewith and consequent upon the said accident, and until such time as the Company may expressly communicate to the Insured its position in writing, shall not be construed as a waiver of any provision, term, condition, limitation, &c., in said policy contained, held by the said Insured, nor a waiver of any right or rights thereunder, either by him or the said Company."

A similar agreement was signed and delivered to defendant by Mr. Bennett.

On behalf of the plaintiff, motion is now made to strike out these defenses and for the entry of summary judgment against the defendant.

There is no question but that, under numerous decisions in this and other states, the investigation by a liability company of a case between an injured person and the insured, and taking charge of and conducting the defense for an insured, constitute a waiver of defenses under the policy which may be interposed by the insurer in a suit by the insured, and estops the insurer from setting them up in such a suit; but, on the other hand, the cases are equally numerous that an insurer by investigating and defending a case against an insured under a reservation of its rights or under an expressed waiver of the insured, is not estopped to set up defenses under its policy in a suit by the insured who has paid a judgment against him in a case by a person injured.

The plaintiff, while admitting that this is so, insists that, by force of the statute of 1924, above quoted, the person injured becomes a party to the policy, and that, unless he is given notice by the insurer of its reservation of rights, and assents thereto either expressly or impliedly, or expressly waives the obligation of the insurer arising from the investigation and the defense of the suit against the insured, the insurer, in a suit against it by a person injured, is estopped to set up defenses against him which it might have interposed in a suit by the insured, and claims that the case of *Horn* v. *Commonwealth Casualty Company,* 105 *N. J. L.* 616; 147 *Atl. Rep.* 483, is authority for this view; but a careful examination of that case fails to show that before the investigation and defense of that case there was any reservation of its rights by the defendant or any waiver of its rights by the insured.

No rights under the policy accrue to the injured party until there is a judgment against the insured, and until an execution on such judgment is returned unsatisfied. Then, and not until that time, may the person injured bring suit against the insurer, and when such suit is brought, the action must be maintained against the company "under the

terms of the policy," which I understand to mean—such terms as would permit the insured to recover, or as would prevent him from recovering. Since the injured party in this case had no interest in the contract between the insurer and insured until after judgment and the return of execution unsatisfied, he was not entitled to notice of reservation of rights by the insurer or the waiver of those rights by the insured, both of which were matters occurring prior to the accrual of any interest in the policy by the party injured. The party injured has no greater rights under the policy in a suit against the insurer than has the insured in a suit by him against the insurer; and since, under the reservation of rights given by the insurer to the insured, Mr. Forte, and by the execution of a non-waiver agreement by him, the insurer would not be estopped in a suit by the insured to plead violation of the terms of the policy as a defense, the defendant is not estopped in this suit to plead such defenses.

The result of these views is to deny the motion made on behalf of the plaintiff to strike out the defenses.