First Judicial District Court of Burlington County.

FIDELITY AND CASUALTY COMPANY, PLAINTIFF, v. HILL CONSTRUCTION COMPANY, DEFENDANT.

Decided January 14, 1933.

MATHEWS, J. This is a suit brought for premiums alleged to be due to the plaintiff from the defendant on two policies of workmen's compensation insurance taken out by the defendant with the plaintiff.

Because it was anticipated that there would be a large amount of detailed accounting testimony in the case the matter was referred to Henry Rosenfeld, Jr., Esq., as referee. After the testimony was taken it developed that the main, and in fact the only controversy between the parties was rather a question of law than one of fact. A report of the findings of the referee has been filed. There is little or no serious dispute as to the facts. From the report of the referee and the statement of counsel the facts are briefly as follows:

The insurance policies issued by plaintiff are in accordance with the standard form of compensation policy issued in this state. In the policies and under the heading "Classification of Operations" under heading B appear the following words:

"Concrete Construction—Bridges or Culverts—where floor is more than ten feet above ground or span exceeds twenty

feet—including piers or abutments—excluding excavation, pile driving or all work in tunnels, subways or caissons—including employes engaged in making, setting up, or taking down forms, scaffolds, false work or concrete distributing apparatus."

While the report of the referee is in words which do not import a specific finding of fact as to this particular point, I think, from the argument of counsel, there is no doubt about it and it can be assumed for the present purpose, that the amount of premiums sued for covered the payroll of employes who were engaged by the defendant actually in excavation or pile driving or some work included in the terms following the words "excluding" in the classification above quoted.

The referee finds as a fact that the rates applied were strictly according to the manual of the New Jersey insurance board.

There is in the case no question of the proper rate to be applied and the fact that the plaintiff, if it is entitled to recover at all, would be entitled to recover on the rate according to pile driving work, is not involved.

The contention of the defendant is that the clause above quoted construed in connection with the other terms of the policy shows a contract between the parties whereby the plaintiff did not insure the defendant against injuries to any employes of the defendant who were employed in the excluded character of work and therefore plaintiff is not entitled to recover premiums for those employes, based on defendant's payroll.

I further do not think it important to the issue that it is a fact that the plaintiff's agent received the information from which it made up its charges from an employe of the defendant who stated that the entire payroll was for work other than that embodied in the excluded items.

The sole question at issue is whether or not the plaintiff by its policies of insurance actually insured employes of the defendant engaged in the excluded operations or any of them because if it did so, and was thereby liable under the policy for injuries sustained by defendant's employes while so en-

gaged, it is certainly entitled to receive premiums based on the payroll of such employes. If it did not, it is equally clearly not entitled to premiums for assuming a risk that it really did not assume under the contracts or policies.

Fundamentally, the contracts or policies must be construed from the language contained therein. Plaintiff contends that because the law requires the contract to cover certain things the contract must necessarily cover them. Defendant says that since the law prohibits the collection of premiums on policies which violate the law in this respect there is a recognition that such contracts may so violate the law and therefore recognizes the fact that there may be such contracts, and that the contracts in question are in that class.

The question of whether a contract is given pursuant to a statute, and if it is, the construction of such contract in the light of the statute, is an interesting one. The court, as counsel in another case, has had occasion to look into the question somewhat quite recently. So far as this particular case is concerned there can be no question that the contract was made pursuant to the workmen's compensation statute of this state. Paragraph (1) under section 1 (a) says:

"To pay promptly to any person entitled thereto under the Workmen's Compensation law, and in the manner therein provided, the entire amount of any sum due and all installments thereof as they become due."

A rider attached to the policy refers specifically to the act. A reading of the entire provisions of the contracts can leave no other sensible impression than that they were made pursuant to and in contemplation of the statute.

There is therefore settled in this case this primary question, which I have found from the reading of a number of cases has been very confusing to the courts. To my mind there is a vast difference between a contract which specifically mentions a statute, or states that the contract is given pursuant thereto and (or) the general terms of which leave the reader in no doubt that the contract had the statute in contemplation, and a contract which nowhere mentions a statute, whose provisions have no connection therewith but on the contrary

are either in entire disaccord therewith or omit some salient features which the statute provides they must contain. One is a contract made between parties with the statute or the necessary terms thereof embodied by implication, if the provisions of the statute are mandatory, and therefore it is no violation of the contract between the individuals for the court to construe the contract in the light of the terms of the statute. The other is a contract made between parties which either has absolutely no connection with the statute whatsoever or, although mentioning it, is in terms diametrically opposed to the words or provisions of the statute. To say that either of this last class of contracts is executed pursuant to a statute and to proceed to so construe it either by putting in terms which the parties by the wording of their contract never intended or deliberately throwing out specific terms of the contract and substituting statutory language therefor is to clearly make a contract for the parties instead of construing the contract which they have made.

It is fundamental, of course, that where two constructions can reasonably be placed upon the terms of a contract that which will give it legality and validity is to be preferred over that which will make it invalid.

Having determined that the contracts in question were made pursuant to our Workmen's Compensation act, let us then turn to the provisions of that act and interpret the policies in question in the light of those provisions:

The very first provision of the act is as follows:

"Section 1. When personal injury is caused to an employe by accident arising out of and in the course of his employment, of which the actual or lawful imputed negligence of the employer is the natural and proximate cause, he shall receive compensation, &c."

Section 7 contains the provision with regard to the injuries arising out of the employment without regard to the negligence, unless there be a specific agreement otherwise between the parties. Admittedly in this case no such agreement was made and the defendant would have been liable for compensation in case of accident to the employe without regard to its own negligence.

In 1917 the legislature of the State of New Jersey passed an act entitled as follows:

"An act concerning the compulsory insurance of compensation payments arising under section 2 of the act entitled 'An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder,' approved April fourth, one thousand nine hundred and eleven."

This act, with amendments not seriously important to the question involved, was in effect at the time the contracts in question were made. I think that it is not unreasonable to assume that, while this particular act is not specifically mentioned in the policies, but the act mentioned being specifically set out in the title to the act of 1917 and its amendments and supplements subsequent, the parties contracted in view of and pursuant to this last named act, inasmuch as there are no specific provisions in the contracts opposed to or violative of the terms of this latter act and a reasonable construction of the terms of the contracts are consonant with the provisions of this last named act.

Section 4 of this act says in part as follows:

"Every employer not operating under section 3 [which section is not applicable to defendant] of this act as hereinbefore set forth shall insure and keep insured *his liability, &c.*"

Section 14 provides in part:

"No policy of insurance against liability arising under this act shall contain any limitations of the liability of the insurer *to an amount less than that payable by the insured on account of the risk insured against under this act* * * * but a policy may be issued to an employer insuring him against his liability under this act upon any particular business, plant, or employment carried on by him, provided that all other businesses, plans, or employments carried on by the same employer are insured or exempted as provided for in this act."

Item 5 of the contracts say:

"This employer [the defendant] is conducting no other business operation at this or any other location not herein disclosed—except as herein stated. No exceptions."

Now, to give the contracts the construction contended for by defendant I would have to assume that defendant violated the provisions of the act of 1917, because its very contention is that it did not contract for coverage of employes engaged in pile driving with the plaintiff and did not have insurance elsewhere covering such employes. Unless the clear wording of the contracts make such construction necessary, it will not be given.

What do the words "his liability" in section 4 above quoted mean? Without going into any long discussion upon the subject it seems clear that it is the liability of the employer for *all* employes who come under the provisions of the Workmen's Compensation act. Defendant would have been just as liable thereunder for an injury to an employe engaged in pile driving as for one engaged in an employment admittedly covered in specific terms by the policies.

Finally, are there any provisions in the policies themselves which prohibit us from construing them to cover injuries to employes engaged in the excluded occupations under the classifications, or are the classifications to be construed to be primarily designations of classes for the purpose of fixing the rates?

Defendant calls attention to the following provisions of the contracts:

"This agreement shall apply to such injuries so sustained by reason of the *business operations described in said declarations, &c.*"

"The premium is based upon the entire remuneration earned during the policy period by all employes of this employer engaged in the *business operations described in said declarations, &c.*"

"The foregoing enumeration and description of employes include all persons employed in the service of this employer in connection with the *business operations above described, &c.*"

And contends that from these provisions it is clear that the contracts were not intended to apply to any other operations than those described in the declarations or classification. This would be perfectly sound if the contract was not made pursuant by its own terms with the statute known as the Workmen's Compensation act and, by my own opinion, in conjunction with the act of 1917. But when considered with the provisions of these two statutes it is at once seen that the phraseology used must be construed with item 5 of the contracts, whereby it is disclosed that both parties contracted in contemplation of the fact that the defendant was not engaged and did not intend to engage in any operations not mentioned in the schedule without complying with the provisions of the law. I cannot assume, even though the defendant itself urges me to do so, that the defendant intended to violate the law in this respect.

In passing it might be remarked that there may be argued to be one serious objection, at least, to such construction of these contracts as I have placed on them, *i. e.,* that if defendant's employes or one of them had been injured while engaged in one of the excluded operations under section B of the classification the plaintiff should have the right to evade liability under the policy by showing that it did not insure such employes under the specific provisions of the policy and that the defendant had misrepresented the activities in which it was engaged. I am not persuaded that our courts would allow the plaintiff to so escape liability when it knowingly entered into the contracts with specific reference to the compensation act and reasonable inferential reference to the act of 1917. Such acts are remedial; the plaintiff is protected, if this decision be right, in the collection of its premium on the rates properly chargeable for such employments and section 9 of the act of 1917 says:

"Every contract of insurance covering the liability of an employer for compensation to injured employes or their dependents, under the provisions of section two of the said Workmen's Compensation act, hereafter written by a stock company or a mutual association shall provide, or be con-

strued to provide, that it is made for the benefit of the several employes of the insured employer and their dependents, and that such contracts may be enforced by any of such employes or their dependents suing thereon in his or their names as though distinctly made party thereto."

While I am not at all in sympathy with the lengths to which some courts have recently gone to "liberalize" and "humanize" the law for the protection of the innocent, the careless and the ignorant against the strict, well settled and sound principles of law, and thereby destroy one of their greatest values—certainty—still it seems to me to be quite in harmony with the well-recognized rules of construction of such contracts as these under like circumstances to hold that both the plaintiff and defendant in this case clearly intended and comprehended in these policies the one to insure and the other to be insured against loss from injuries to any employe arising out of any employment in which the defendant might engage during the period of the policy and covering which he did not have other insurance in accordance with the statute, and that the classifications enumerated were not for the purpose of limiting the liability of the plaintiff but for generally fixing the class of employment in which the defendant was engaged or in which it at the time thought it would engage, for convenience in fixing the rates of premium as a tentative basis; in other words, that such classifications and the other provisions of the contract are not to be construed in any sense as specific agreements to limit liability in deliberate violation of the act of 1917. The necessary result of this decision, of course, is that the plaintiff would be liable for injuries suffered by employes of defendant while engaged in other lines of operation, because that is the only basis on which the former would be entitled to the premiums sued for. If, by chance, the Court of Errors and Appeals should take a similar view and establish it as the law of this state, this particular plaintiff, at least, could hardly complain. It is the necessary result of its own contention, which I have found to be correct.

As previously intimated the referee will be allowed the sum

of $25, and in view of the novelty of the question presented, neither counsel citing authorities precisely in point, I will order that each side pay one-half of the referee's fees.

No date on which the premium was due having been found, interest will be allowed from the institution of suit.

Judgment will therefore be entered against the defendant and in favor of the plaintiff for $476.51 together with interest from April 15th, 1932, or $21.44, or a total of $497.95.