GEORGE H. OSBORN, Sr., ADMINISTRATOR OF ESTATE OF CAROLINE OSBORN, DECEASED, PLAINTIFF-RE-SPONDENT, v. NEW AMSTERDAM CASUALTY COMPANY, DEFENDANT-APPELLANT.

Argued May 16, 1933—Decided September 27, 1933.

For the appellant, *Joseph C. Paul.*

For the respondent, *George S. Hobart* and *Augustine J. Kelly.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The judgment appealed from is the result of a trial at Circuit, without a jury, upon findings of fact and law by the Circuit Court judge based upon a stipulation of facts.

The findings of fact and law so far as they are pertinent are these: That one Blackburne, the owner of a certain motor car gave permission and consent to one Elsa Bessinger, but not as his agent or servant, to operate the same, and while so operating it, and without being licensed as a driver by the State of New Jersey, the car while under her control came into collision with another car at Prospect and Mount Pleasant avenues in West Orange, Essex county, causing injuries to respondent's intestate from which she subsequently died. Suit was brought by respondent in the Essex County Circuit Court against the owner, Blackburne, and the operator, Bessinger, and the latter not being served with process the cause proceeded against the owner only resulting in a verdict di-

rected in his favor upon the ground that the operator was not his agent.

Subsequently an action was brought against the operator of the car, Bessinger, in Connecticut and judgment there obtained against her which later by suit thereon in this state was converted into a judgment in the Supreme Court and execution thereon was returned unsatisfied because of the adjudication of bankruptcy in favor of the judgment debtor. Then the action resulting in the judgment under review was instituted against the appellant, an insurance company which had undertaken to insure the owner of the car, Blackburne, and as is alleged the operator, Bessinger, who, in the meantime had become the wife of the assured.

Under the stipulation of facts the trial court found that Bessinger was not a licensed driver of this state at the time of the happening, that notwithstanding that fact she was covered by the policy of insurance and further that an agreement entered into between her and the appellant insurance company on July 13th, 1929, that the latter would defend her in the actions against her in consideration of her paying any judgment entered against her did not relieve the appellant from liability under its insurance contract.

From the judgment entered upon such findings the insurance company, defendant below, appeals and urges two grounds of reversal.

The first is that there is no liability to answer to such judgment because under the terms of its contract the operator of the car, Bessinger, not being a licensed driver of this state was not "legally operating" the car.

But we think this is without legal merit.

In support of this ground for reversal the appellant very properly urges that the respondent can have no right of recovery beyond that of the assured and the terms of his contract of insurance, citing *Suydam* v. *Public Indemnity Co.* (*New Jersey Circuit Court*), 10 *N. J. Mis. R.* 868; 161 *Atl. Rep.* 499; *Doolan* v. *United States Fidelity and Guaranty Co.* (*N. H.*), 161 *All. Rep.* 39; *Adams* v. *Maryland Casualty*

*Co.,* 139 *So. Rep.* 453; *Rohlf* v. *Great American Mutual Indemnity Co. (Ohio),* 161 *N. E. Rep.* 232.

And in further support of its insistence the appellant cites *Betts* v. *Massachusetts Bonding and Insurance Co.,* 90 *N. J. L.* 632, in this court.

But that case we conclude, as did the trial court, has no applicability here.

There by the specific terms of the policy was excluded liability arising through acts of one other than the assured "arising from the violation of any law or ordinance on the part of the assured," and there the primary actor was not at the time and under the terms of the contract of insurance, authorized under the law to act as a dentist or dental surgeon nor was he "acting under the assured's instructions."

That, however, is not the situation now and here before us.

In the first place the contract of insurance will be searched, in vain, for any requirement that the assured, Blackburne, must be licensed as a driver, before he may have a recovery against the insurance company, appellant. It seems certain, therefore, for damages against him, through his negligence, licensed as a driver or not, he could have recovery against his insurance carrier, the appellant, as distinguished from the case of *Betts* v. *Massachusetts, &c., supra.*

Turning now to the insurance contract we find that under section 8, it is agreed:

"To extend the insurance provided by this policy, subject to the limits expressed in statement 6 of the schedule, so as to be available in the same manner and under the same conditions as it is available to the named assured, to any person or persons while riding in or *legally operating* any of the automobiles described in the schedule * * * provided such use or operation is with the permission of the named assured * * *."

Under the title "Exclusions," Condition "A," with particularity and certainty sets forth ten specific instances and conditions where the insured vehicle shall not come within the terms of the contract.

The most careful and meticulous examination of these reservation will show that operation by an unlicensed driver is not included directly or indirectly. They are ten in number and go to great particularity and exclusion.

The conclusion we have reached is that the language "legally operating" must be construed in accord with the expressed terms of the contract and consequently "legally operating" must be construed to mean against the "Exclusions" *supra* and not against the statutory or other requirements asserted by the appellant.

The second and remaining ground for reversal amounts to nothing more than this: that the operator of the vehicle having agreed, in consideration that the defendant defend her in actions brought against her, she would pay any judgment rendered against her, and judgment having been so rendered, and appellant having so defended her, therefore the latter is released from any and all obligation under its contract of insurance even to members of the public initially insured by force of the statute. *Pamph. L.* 1924, *ch.* 153.

This is a statute declaratory of public policy and, the right of the legislative department of our government not being challenged to so declare and determine, it appears to us that it cannot be successfully argued that parties to such a public contract may *inter partes* contract contrary and against such policy.

The judgment under review is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 15.

*For reversal*—None.