HERBERT L. FARKAS COMPANY, PLAINTIFF-RESPONDENT, v. NEW YORK FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Argued November 20, 1950—Decided December 4, 1950.

Mr. *Lionel P. Kristeller* argued the cause for the appellant (*Messrs. Kristeller & Zucker,* attorneys).

Mr. *Harold Farkas* argued the cause for the respondent (*Messrs. Farkas & Samuels,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J. This case was tried in the Essex County Court without a jury on an agreed state of facts and resulted in a judgment for $1,044.21 and costs in favor of the plaintiff. The defendant appealed from this judgment to the Appellate Division of the Superior Court. We have certified the cause on our own motion.

The plaintiff, which is engaged in the business of selling office furniture and fixtures, purchased two policies of fire insurance from the defendant. While the policies were in effect, a fire occurred in the premises occupied by the plaintiff at 889 Broad Street, Newark, N. J., damaging property located there belonging to the plaintiff. The defendant paid in full on one of the policies but denied liability on the other.

The pertinent portions of the policy here sued on read as follows:

"$5,000 on merchandise, materials and supplies of every description usual to the business of the Insured consisting of office, church, school

and household furniture of every description including samples, labels, full and empty packages, boxes and similar containers, the property of the insured, or held in trust, on commission or otherwise, for which the insured may be legally liable, or sold, but not delivered or removed.

"All while contained in the above described building, additions and extensions, adjoining and communicating therewith, or in yards or on sidewalks adjacent thereto.

"It is specifically understood and agreed that this policy covers all property of the Insured, and the Insured's insurable interest in such property while in the possession of others where it may be borrowed, held for approval, on contract of sale or where there may be a balance due on the payment of installment plan."

The premises referred to in the second paragraph above quoted are described in the policy as follows:

"Dwelling, stores and dwellings, store, apartment houses, churches, schools and Public and Municipal Buildings anywhere in the United States outside the City of New York, New York."

The first of the quoted paragraphs is printed except the words "$5,000" and "the insured consisting of office, church, school and household furniture of every description," which are typewritten. The second quoted paragraph is entirely in print, while the third and fourth paragraphs are each entirely typed in.

The defendant first contends that the policy in suit does not cover loss by fire to the plaintiff's property located in its own store at 889 Broad Street, but that on the contrary its coverage is limited to the plaintiff's property and the plaintiff's insurable interest in such property while it is in possession of others. The defendant next argues, more specifically, that the third paragraph above quoted from the policy "must be given effect over the more general printed clauses in the policy where such printed clauses have been left in in accordance with the usual custom." Finally, the defendant asserts that because the other policy on which it has paid a loss insured the plaintiff's property in its own store at a different premium and with a different coinsurance clause, it could not have been the intent of the parties in entering into the policy in question to cover the plaintiff's own property while located in its Broad Street store.

 Dealing with these contentions of the defendant in inverse order, we must first note that an insurance policy is a mercantile specialty, which came into the common law through the law merchant along with charter parties and negotiable instruments, and that like all other specialties, whether common law or mercantile, it is to be governed by its own terms without recourse to other documents unless its own language so requires. *Dewees v. Manhattan Insurance Co.*, 35 *N. J. L.* 366, 372 (*Sup. Ct.* 1872). Accordingly, in this case we are not at liberty to draw inferences from any differences in premiums between the two policies, even though they might be explained by the fact that the other policy covered five different locations in Newark and had different coinsurance percentages. But the matter of the premium rate would not be significant even if the policies were not specialties, because the premium rate is not open to bargaining between the parties. In this State fire insurance rates are fixed by the application of statutory standards and basic schedules approved by the Commissioner of Banking and Insurance, *N. J. S. A.* 17:29A–1 *et seq.* It is also significant to observe that the policy in suit was issued a month and a half before the other policy. Here again, even if the policies were not specialties, no inferences could be drawn as to the meaning of the first policy from the subsequent issue of the second policy with different terms. They are not *in pari materia.*

 Returning to the defendant's second contention that the third quoted paragraph of the policy, being in typewriting "must be given effect over the more general printed clauses of the policy, where such printed clauses have been left in according to the usual custom." No such custom is pleaded and no such custom is known to the court. On the contrary, it would fly in the face of *N. J. S. A.* 17:36–5.2 for the defendant to have attempted to delete any of the printed parts of the standard fire insurance policy prescribed by the Legislature by *N. J. S. A.* 17:36–5.7. Fire insurance policies must be in the form prescribed by statute, and any facts or condi-

tions imposed in a policy inconsistent with or constituting a waiver of the standard form provisions are a nullity. *Krieg v. Phoenix Insurance Co.,* 116 *N. J. L.* 467, 473 (*E. & A.* 1936); *Corlies v. Westchester Fire Ins. Co.,* 92 *N. J. L.* 108 (*Sup. Ct.* 1918). In these circumstances a standard policy of fire insurance may be characterized as a contract of adhesion; the insurer may issue it to a particular assured, if it so chooses, and the assured may accept it, if he so chooses, but their power of bargaining is limited to the simple matters of whether there will be a contract of fire insurance and what property it will cover. It is thus obvious that in this State every standard fire insurance policy must be considered as a whole and effect given to every part thereof.

It remains to consider the first question raised by the defendant. Does the policy in suit exclude plaintiff's property located in its own store at 889 Broad Street and is it limited to the plaintiff's property and plaintiff's insurable interest in such property while in the possession of others? What are the general rules of construction to be applied to the interpretation of a standard fire insurance policy? "Whatever may be the rules of construction when a policy of insurance is ambiguous, it has long been the law in this State that when the contract is clear the court is bound to enforce the contract as it finds it." *James v. Federal Insurance Co.,* 5 *N. J.* 21, 24 (1950), citing *Kupfersmith v. Delaware Insurance Co.,* 84 *N. J. L.* 271, 275 (*E. & A.* 1913), where it was held: "The law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The judicial function of a court of law is to enforce a contract as it is written." These principles are peculiarly applicable to the standard fire insurance policy in view of its being prescribed by the Legislature, with the parties having only a limited freedom of contract centering around the amount of the policy and its coverage. What principle shall govern when the policy provisions are found to be ambiguous? When policies of insurance were prepared by the insurer without

any legislative restrictions, any ambiguities were resolved, under general principles of contract law, against the insurer, as the party who prepared the contract. This rule, however, can have no application to the parts of the standard fire insurance policy that have been drafted not by the insurer but by the Legislature. The maxim *Verba chartarum fortius accipiuntur contra proferentem* is therefore necessarily limited to those parts of the standard fire insurance policy which are inserted by the insurer itself pursuant to the legislative permission granted by *N. J. S. A.* 17:36–5.5. *Mick v. Corporation of Royal Exchange,* 87 *N. J. L.* 607, 611 (*E. & A.* 1914) ; *Del Guidici v. Importers' and Exporters' Ins. Co.,* 98 *N. J. L.* 435, 437 (*E. & A.* 1923) ; *Precipio v. Insurance Co. of Pennsylvania,* 103 *N. J. L.* 589, 592 (*E. & A.* 1927) ; *Krieg v. Phoenix Insurance Co., supra,* 116 *N. J. L.* 467, 473 (*E. & A.* 1936).

Applying these principles of construction to the clause in question, we find that although the clause in question was prepared by the defendant pursuant to the legislative permission, its meaning is clear and unambiguous and it must be construed according to its terms. The clause "this policy covers all property of the insured," certainly applies to the plaintiff's property in 889 Broad Street. The defendant would have us read the phrase "all property of the insured, and the insured's insurable interest in said property" as a single phrase, ignoring the comma. This obviously would be contrary to the plain intent of the language used by the defendant. Not only must some meaning be given to the comma found after the word insured, and that meaning clearly is to cover two separate kinds of property; but without the comma, the clause contains an excess of verbiage which one does not customarily find in insurance policies in describing coverage, unless it refers to two different classes of coverage. We therefore conclude that the clause covers the plaintiff's own property in its store on Broad Street.

The judgment appealed from is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.