42 N.J. Super. 586 (1956)
127 A.2d 459
ATLANTIC CASUALTY INSURANCE COMPANY, A CORPORATION, PLAINTIFF,
v.
GEORGE W. EDWARDS, JR., AND MILLIE EDWARDS, DEFENDANTS.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided December 5, 1956.
*587 Mr. Jerome S. Lieb argued for the plaintiff (Messrs. Harkavy & Lieb, attorneys).
Mr. Irving J. Rosenberg argued for the defendants.
FOLEY, J.C.C.
The plaintiff and the defendant, Millie Edwards, bring counter motions for summary judgment in an action in which the insurance company seeks reimbursement for losses it sustained on a policy of automobile liability insurance written in behalf of the defendants pursuant to the provisions of the Financial Responsibility Law, R.S. 39:6-1 et seq. (1937), now N.J.S.A. 39:6-23 et seq., L. 1952, c. 173.
The facts upon which the plaintiff suffered the loss which it now would transfer to its assureds, and the pertinent provisions of the policy in question, are set forth in detail in Saffore v. Atlantic Casualty Insurance Co., 21 N.J. 300 (1956).
There the court struck down the company's contention that it was not liable to the injured plaintiffs because the policy did not provide omnibus coverage, holding that since the statute under which the instrument was written required that such coverage be included (R.S. 39:6-18), it was deemed to have been afforded, notwithstanding a contrary policy provision that:
"Endorsement No. 17  Limitation of Use  Named Assured Only.
It is agreed that said insurance as is afforded by the policy for bodily injury liability, for property damage liability, and for medical *588 payments, which applies only while the automobile is operated by the named Insured.
It is further agreed that such insurance * * * does not apply while the automobile is operated by any person other than the named insured."
Of this contention the court said:
"The insurer could refuse to enter into the contract of insurance required by the statute; but, having undertaken to give liability insurance coverage, the statutory terms became a constituent element of the contract. The statute determines the legal operation of the contract. Herbert L. Farkas Co. v. New York Fire Insurance Co., 5 N.J. 604 (1950); Rikowski v. Fidelity and Casualty Co., 117 N.J.L. 407 (E. & A. 1936); Krieg v. Phoenix Insurance Co., 116 N.J.L. 467 (E. & A. 1936); Osborn v. New Amsterdam Casualty Co., 111 N.J.L. 358 (E. & A. 1933). A specific provision integrated into the contract by force of a statute, as a matter of public policy, `must be interpreted and given effect in accordance with the intention of the legislature, irrespective of how the contractors understood it. Exactly the same result is reached even though the parties know nothing of the statute and do not include the provision, and even though they know of it and expressly agree upon the exact contrary.'"
The engagement upon which the plaintiff now claims for indemnification provides:
"The insured agrees to reimburse the company for any payments made by the company which it would not have been obligated to make except for the agreement contained in this paragraph [viz., by virtue of the Financial Responsibility Law]."
The remedy it seeks to invoke is derived from the statutory provision:
"The policy may provide that the insured or person covered by the policy shall reimburse the company for payments made on account of an accident, claim or suit involving a breach of the terms, provisions or conditions of the policy." (R.S. 39:6-20(a))
It is urged that the granting by the named insured of permission to another to operate the insured vehicle constituted a breach of the provision that coverage would only be in force while the car was being operated by the named *589 assured and that this breach resulted in the damage sustained by the company in the Saffore case.
Implicit in the present action is the contention that the agreement in question is binding inter partes despite its lack of effect upon the rights of third parties.
R.S. 39:6-20, as amended by L. 1945, c. 189, provided that:
"No motor vehicle liability policy shall be issued or delivered in this State unless such policy discloses * * * the agreement * * * thereunder is provided in accordance with the coverage defined in 39:6-18 and 39:6-19 of this Title and in this section and is subject to all the provisions of this chapter."
R.S. 39:6-18 declared that the policy "furnished as provided" therein "shall * * * insure the assured named therein and any other person using * * * such motor vehicle with the express or implied consent of the insured * * *."
This declaration of the mandatory scope of coverage expressly prohibiting the writing of a contrary contract rendered nugatory the delimiting agreement. Thus, the reimbursement sought is for breach of a "contractual obligation," which, in the eyes of the law, is non-existent. Creation of it was not within the competency of the parties.
The plaintiff's motion for summary judgment is denied and that of the defendant Millie Edwards is granted for the reasons herein stated. An appropriate order may be presented.