## Barati v. M.S.I. Corporation

*Howard F. Goldfarb, Goldfarb & Goldfarb,* for plaintiffs.

*Robert L. Geisler* and *Richard S. Crone,* for defendants.

McCUNE, J., April 26, 1965.—This matter reaches us on preliminary objections to a complaint in assumpsit. The allegations of the complaint are that plaintiffs Barati & Sons, excavators, were engaged orally by Stan Kalla, subcontractor, to work on a school building owned by a school authority and under construction by M.S.I. Corporation, general contractor. American Casualty Company had executed, along with M.S.I. Corporation, a labor and materials bond dated December 7, 1962, which assured all claimants, as defined in the bond, who furnished labor or materials on the job, would be paid. The date of the general contract between M.S.I. Corporation and Monongahela Area Joint School Authority was December 7, 1962. Barati & Sons performed their obligations between July 16, 1963, and December 12, 1963, and during this period Barati complained directly to M.S.I. of the failure of Kalla, subcontractor, to make prompt payment. At one time Barati stopped renting certain equipment to Kalla (October 22, 1963, through November 5, 1963). M.S.I. during this period and at other times assured Barati he would be paid: Barati was induced by this assurance and relied on it and continued to rent equipment to Kalla through December 12, 1963; both M.S.I. and the School Authority had actual notice of the fact plaintiff

Barati had not been paid in full before and following December 12, 1963. Finally, the complaint avers that demands have been made on Kalla who has failed to pay and on M.S.I. Corporation and American Casualty, defendants, and they have each refused payment.

Suit was filed September 11, 1964, claiming the sum of $4,105.87 with interest from defendants jointly and severally.

Preliminary objections filed on behalf of both defendants raise a narrow issue which is that the bond by its terms prohibits suit under the bond unless plaintiff shall have given written notice to any two of the following, the principal, the owner or the surety, within 90 days after claimant performed the last of the work or labor or furnished the last of the materials for which the claim is made. Preliminary objections state that since no averment of the written notice appears, the action fails to state a valid cause.

Plaintiffs counter with the following arguments:

(a) The 90-day notice provision, by the terms of the bond, duly attached to the complaint, governs only those who have no direct contact with the principal. Paragraph 8 of the complaint alleges a contract by promissory estoppel because it says plaintiffs complained to defendant M.S.I. and M.S.I. assured that payment would be made, and induced thereby and relying on this assurance plaintiff continued to furnish equipment. Therefore, a contract with M.S.I. Corporation has been alleged albeit by promissory estoppel under Restatement 2d, Contracts, §90.

(b) Furthermore, the 90-day clause is void because the Act of May 2, 1945, P. L. 382, 53 PS §312, requires that all so-called authority contracts be carried on under the protection of a labor and materials bond under the terms of which any laborer or materialman may sue, provided suit is brought within *one year* after the cause of action accrues. (Italics supplied.)

The following legal questions, therefore, are posed:

1. Does the Municipality Authorities Act, 53 PS §312, conflict with the bond and render the 90-day notice requirement void?

2. Is promissory estoppel, if pleaded, sufficient to constitute a "direct contract with the principal" so as to excuse plaintiffs from giving the 90-day notice otherwise required of laborers and materialmen who claim under the bond?

3. Does the complaint allege a contract by promissory estoppel? If so, does it assert a valid cause of action against M.S.I. alone regardless of the bond?

The only reported case we are told by counsel deciding the first question is found in 18 D. & C. 2d 521. It is Hagerstown Paint & Glass Co. v. Hill (1958) in which Judge Depuy of Franklin County decided that the provision of the bond requiring a 90-day notice, before suit could be entered, was not inconsistent with the act which says nothing about notice but merely allows suit to be entered before the expiration of one year. He upheld the privilege of the bonding company to insist upon the written notice because this requirement was *in addition to and beyond* matters dealt with in the statute and *did not negative* the statutory language. (Italics supplied.)

We are not sure that Judge Depuy's ruling is correct. His conclusion is correct that the bond requires something *in addition to and beyond* the requirements of the statute but since such requirements are in addition to the requirements of the act, do they not negate and are they not inconsistent with the statutory language?

The statute simply says that no municipal authority shall proceed without a bond to protect all laborers and materialmen who are permitted one year within which to bring suit on the bond after their causes of action arise.

The bond on the contrary says these same people can bring suit within the year, *but only if they give a written notice of their claim within 90 days after it arises.* It is clear the bond requires more than the statute does.

Judge Depuy says this is not inconsistent, that the bonding company is entitled to "limit its liability . . . to bring about prompt notice of an intended claim so that the . . . company can get busy early, in case of contractor trouble. . . ." Of course the company can get busy without any notices at all and can keep up to date at will. On municipal authority projects the architect has a list of everyone who furnishes labor or material and is in close touch with them. It presents no problem to contact the architect.

The bonding company's requirement is even more stringent than would at first appear. A claimant is required not only to write the notice within 90 days, but it must be directed to *two* of the following *three* people, the principal, the owner or the surety. Notice to one is not sufficient, not even notice to the surety. To succeed against the bond, the claimant must be sure to write to two people within the 90-day period. Is this not getting pretty technical? Is it a pure device to exclude the unwary?

Can the bonding company so abridge the protection the Legislature so obviously intended to extend to those dealing with authorities?

In 17A C.J.S., §330 we find the statement that ". . . in some instances a statutory provision will be integrated into a contract by force of statute even though the parties knew nothing of the statute, or knowing of the statute, expressly agreed to the exact contrary." ". . . where a contract is made in contemplation of state law, or of a particular statute, such law forms a part of the contract, whether or not incorporated therein, and the contract will be construed in the light thereof".

There is no question the surety in this case knew that a statute was involved because in another clause of the bond this appears. "No action shall be commenced after the expiration of one year following the date on which the principal ceased work on said contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."

In other words the surety plainly states "if you do construe our restrictions to be illegal under the statute we amend the bond to give ourselves the shortest possible statute of limitations".

The Municipality Authorities Act is now 20 years old, and it is well known that it permitted the construction of certain improvements by so-called "Authorities" under certain rather strict conditions. The legislature knew that there would be intense public interest in this legislation and many assaults upon it and no doubt the regulations in the act were imposed with this in mind.

In Saffore v. Atlantic Casualty Insurance Co., 21 N. J. 300, 121 A. 2d 543 (1956) a somewhat analogous situation arose. New Jersey had a safety responsibility law which required that any insurance policy purchased for the purpose of compliance with the law was to contain a clause extending coverage to anyone driving a car with the owner's permission. Edwards was, to Atlantic Casualty, a dubious risk and although Atlantic knew of the law, although not necessarily of its terms, it sold to Edwards a contract limited so as to exclude coverage unless he was driving personally, but which purported to comply with the law. Edwards allowed Johnson to drive his car and when a serious accident arose, Atlantic denied coverage. The New Jersey Appellate Court removed the restriction in the policy on the ground that the insurer could not, by any

device, set aside the declared legislative policy. Since citizens on the highway were the beneficiaries of the policy, the public interest was involved and the contract between the parties had perforce to conform to the legislative intent.

In the case at bar Pennsylvania has an act requiring the bond to protect laborers and materialmen and permitting them to sue on it directly within one year after their causes of action accrue. American Casualty purported to comply with the law because it put up the bond required by the act, and the contract, but it attempted to restrict its liability. The New Jersey Court would set aside the restriction based upon Saffore v. Atlantic, supra, as we think we must in the case at bar. See also Fidelity & Casualty Co. v. Hill Construction Co., 11 N. J. Misc. 58, 164 Atl. 16 (1933) and Farkas Co. v. New York Fire Insurance Co., 5 N. J. 604, 76 A. 2d 895 (1950) to the effect that fire insurance policies must comply with statutes and any conditions imposed in the policy inconsistent with the statutes are a nullity. Also Mouncey v. Scheetz, 185 Atl. 20 (N. J. 1936) to the effect that conditions imposed in a policy of insurance inconsistent with provisions required by law are a nullity and further that conditions which create forfeitures should be construed most strongly against the insurer.

In Schenley Farms Company v. Allegheny County, 349 Pa. 637 (1944) it was held that contracts with public bodies are presumed to be made in view of the legislation then affecting them and any such legislation becomes a part of the contract.

In view of the foregoing we will not consider the other legal issues raised by counsel.

ORDER

And now, April 26, 1965, the preliminary objections are dismissed and defendants are given 20 days from date hereof to file an answer.