## Elizabethtown Borough v. Savastio Construction, Inc.

*Edward W. Rothman, Rosenberg & Rothman,* for plaintiff.

*James W. Evans, Goldberg, Evans & Katzman,* for defendants.

BOWMAN, J., February 18, 1968.—New Amsterdam Casualty Company, corporate surety on a labor, material and rental payment bond, seeks judgment on the pleadings in a suit against it and its principal, Savastio Construction, Inc., brought by use-plaintiff, Vulcan Materials Company, for the unpaid balance of the cost of concrete pipe supplied by use-plaintiff to Savastio incident to a public works contract between Savastio and the Borough of Elizabethtown.

The pleadings consist of plaintiff's complaint, New Amsterdam's answer thereto containing new matter and plaintiff's reply to new matter.

A motion for judgment on the pleadings is in the nature of a final demurrer before trial: Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312 (1956). On such a motion, the court must accept as true, even though denied, averments of fact by the opposing party which are material and relevant; but inferences and conclusions which are drawn from and erroneously interpret a written instrument, which is part of the record, are not admitted, nor are conclusions of law, and such a judgment should be entered only where the right is clear and free from doubt: London v. Kingsley, 368 Pa. 109 (1951). Where the motion is by defendant,

the court will consider all of the pleadings: Herman v. Stern, 419 Pa. 272 (1965).

In seeking judgment on the pleadings, New Amsterdam contends that the time limitation in which to bring suit as contained in the bond bars plaintiff's asserted cause of action against it.

The undisputed facts as disclosed by the pleadings reveal that Savastio Construction, Inc., the other defendant in this case, which has not joined in New Amsterdam's motion, and the Borough of Elizabethtown entered into a contract for certain alterations and additions to the borough's sewer system. As required by the specifications and the contract, Savastio, as principal, and New Amsterdam, as surety, executed and delivered to the borough a labor, material and rental payment bond. The form of the bond was contained in the specifications forming a part of the contract and, in relevant part, provides:

". . . any such action or proceeding [on the bond] shall be brought *within one year after the time the cause of action accrued*, all as provided in Section 10A of the Municipality Authorities Act of 1945, approved May 2, 1945, P. L. 382, as amended, of the Commonwealth of Pennsylvania".[1]

Notwithstanding that the form and provisions of the bond as required by the contract and specifications included the above time limitation in which suit may be brought, plaintiff *in its complaint* averred that Savastio, incident to the construction contract, was ". . . required to provide a material and labor bond pursuant to the Act of June 22, 1931, P. L. 881 . . . incorporated by reference . . .", and that Savastio

---

[1] Properly bearing the short title "Municipality Authorities Act of 1945", 53 PS §301, subsection A of section 10 of which requires additional bonds incident to municipal authority contracts and provides a time limitation for suit on the bond in the language set forth in the bond in question.

and New Amsterdam executed and delivered the bond in question "pursuant to the Act referred to . . ."

This latter act provides that whenever a municipality requires a so-called additional bond for the use of labor and materialmen, all such persons shall have a right to sue on said additional bond: Act of June 22, 1931, P. L. 881, sec. 2, 53 PS §1294. Section 3 of said act further provides, in relevant part:

". . . every such suit shall be commenced not later than one (1) year from the date of final settlement under the said contract . . ."

Defendant concedes that if the time limitation for suit on the bond as provided for in the Act of 1931 is to prevail, then plaintiff's suit was timely brought. It urges, however, that even though the Act of 1931 is determined to be the applicable statute, the time limitation for suit as contained in the bond itself must prevail, notwithstanding contrary provisions in the statute. Otherwise, defendant contends, one is altering the contract of suretyship without the consent or approval of the surety.

In disposing of this case in its present posture, we must first consider whether plaintiff has made sufficient averments in its pleadings to permit proof at trial of the applicability of the Act of 1931 to the execution and delivery of the additional bond in question. As already noted, plaintiff's complaint avers that the additional bond was one required by the Act of 1931 and was furnished pursuant to that act. While plaintiff has not specifically pleaded that the disputed provisions of the bond crept into it by accident or mistake, the clear inference of the complaint is that such was the case. The Borough of Elizabethtown is admittedly not a municipal authority, nor are its powers and duties in any way defined by the Municipality Authorities Act of 1945, which is specifically referred to and incorporated by reference into the bond. In

light of these averments in plaintiff's complaint and the admitted facts, we believe plaintiff has made sufficient averments to enable it to submit evidence at trial that the disputed provisions of the bond were inserted into it by accident or mistake and that the Act of 1931 was intended by the parties to be the controlling statute. While plaintiff's pleadings in this respect may lack specificity and be subject to attack for this reason, defendant's right to judgment on the pleadings is not so clear and free from doubt as to direct its entry for this reason.

This brings us to defendant's basic contention. It urges that the conditions of the bond, itself requiring suit to be brought "within one year after the time the cause of action accrued", must prevail over the conflicting provisions of the Act of 1931 which permits such suits to be brought "not later than one (1) year from the date of final settlement" under the public works contract.[2]

The omission or express exclusion in a bond of conditions prescribed by a statute requiring performance or additional bonds to be furnished incident to a public works contract has generated considerable litigation producing conflicting viewpoints. See 17 Am. Jur. 2d, Contractors' Bonds, §54, et seq.; 119 A. L. R. 190, 121 A. L. R. 778. Where the bond conditions are *in conflict* with a limitation on suit as contained in such statutes,

___

[2] The parties here apparently are in accord that plaintiff's "cause of action" accrued before "final settlement" under the public works contract; hence, the uniform time limitation of one year in which to commence suit began to run on different dates. We would observe, however, without deciding, that it could be reasonably argued that a proper interpretation of "cause of action" accruing as contained in the bond is the date of final settlement under the construction contract as referred to in the Act of 1931, in which event the one-year limitation for suit contained in the bond is coextensive with that contained in the Act of 1931, as both begin to run simultaneously.

however, it has generally been held that the time limitation prescribed by the statute prevails: 119 A. L. R. 297. Counsel have not cited, nor has our independent research disclosed, any Pennsylvania decisions on this narrow issue.

Defendant contends, however, that several of our appellate court decisions on the general subject are either controlling or at least persuasive of the contention it advances. In Commonwealth, to use of Pandolfo v. Pavia Company, 381 Pa. 488 (1955), it was held that a claim for equipment rental was not within the coverage of a surety bond for labor and materials. In reaching this conclusion, the Supreme Court said, page 491:

" ' "A bond given pursuant to a contract incorporated in the bond, will be construed in the light of the terms of the contract and the attendant circumstances, but 'the obligation of a bond cannot be extended beyond the plain import of the words used': Lancaster v. Frescoln, 192 Pa. 452, 457, 43 A. 961, 962; Erie v. Deifendorf, 278 Pa. 31, 122 A. 159;" Fleck-Atlantic Company v. Indemnity Insurance Company of North America, 326 Pa. 15, 19, 191 A. 51, 53. Obligations not imposed by the terms of the bond cannot be created by judicial construction or interpretation which extends the terms beyond their normal meaning: City of Pittsburgh v. Parkview Construction Company, 344 Pa. 126, 23 A. (2d) 847, 848.' "

This decision was rendered, however, within the context of a statute that required such a surety bond only for the protection of labor and materialmen and without reference to equipment rental payments. Therefore, we consider it to be no more than an expression of the general rule that a surety's substantive obligations cannot be extended beyond the plain meaning of the words used and is inapposite to the question here in issue.

In Scranton School District, for use v. Casualty and Surety Company of Hartford, Conn. 98 Pa. Superior Ct. 599 (1930), which defendant urges as controlling, it was held that a provision in an additional bond requiring suits on the bond to be brought within six months from the date of final payment under the construction contract was valid and enforceable as against a contention that the contracting municipality had no authority to prescribe any limitation where the statute requiring the bond was silent as to when suit is to be brought.

Inasmuch as this decision does not involve a conflict between the bond conditions and the provisions of the statute requiring the bond, it is not controlling here and is authority only for the proposition that parties to a contract may by contract provision limit the otherwise applicable general statute of limitations for suit on contracts. See 34 Am. Jur., Limitation of Actions, §67.

Two Pennsylvania lower court decisions relied upon by plaintiff are more closely analogous to the narrow issue before us. In reaching opposite conclusions on an identical issue, they point up the existing conflict of opinion in charting a course between the established law generally applicable to contracts of suretyship and giving effect to the provisions of statutes designed to protect labor and materialmen incident to public works contracts. These decisions are Hagerstown Paint and Glass Co. v. Hill, 18 D. & C. 2d 521, and Barati v. M. S. I. Corporation, 37 D. & C. 2d 395. Both cases involve actions by materialmen on a surety bond furnished pursuant to the Municipality Authorities Act of 1945 which requires suit on the bond to be brought within a prescribed time, but which contains no provisions requiring notice of claim to be given as a condition precedent to bringing suit. In both of these

cases the bond contained a provision that notice of claim must be given to specified persons within 90 days after the last labor was performed or materials furnished. In concluding that such a condition in the surety bond was valid and enforceable because it was not *inconsistent* with the applicable statutory provisions, the court in Hagerstown stated, pages 525-26:

". . . A basic principle of our law is freedom of contract. This cannot be negatived except by clear statutory intent, aptly expressed. The bonding company is entitled, we think, to limit its liability to the extent of inserting the bond provision intended to bring about prompt notice of an intended claim so that the bonding company can get busy early, in case of contractor trouble, ascertain its liabilities and take timely measures to see that materialmen and labor are paid the sums due. The fact that plaintiff is a third party beneficiary does not exclude his taking care to examine the terms of both law and bond before furnishing materials for the job".

As particularly applicable to the present case, however, the court also observed, page 525:

"In our view the rule contended for by plaintiff is a sound one in any situation where a contract or bond might be found to contain provisions inconsistent with the applicable statute. Where, however, the contract contains provisions that are in addition to and beyond any matters fairly dealt with in the statute and do not in terms negative the statutory language, we consider that such additional provisions of the contract are not in conflict with the statute and should be recognized as valid".

In reaching an opposite conclusion in Barati, the court stated, pages 398-401:

"We are not sure that Judge Depuy's ruling is correct. His conclusion is correct that the bond requires

something in addition to and beyond the requirements of the statute but since such requirements are in addition to the requirements of the act, do they not negate and are they not inconsistent with the statutory language?

"The statute simply says that no municipal authority shall proceed without a bond to protect all laborers and materialmen who are permitted one year within which to bring suit on the bond after their causes of action arise.

"The bond on the contrary says these same people can bring suit within the year, but only if they give a written notice of their claim within 90 days after it arises. It is clear the bond requires more than the statute does . . .

"The Municipality Authorities Act is now 20 years old, and it is well known that it permitted the construction of certain improvements by so-called 'Authorities' under certain rather strict conditions. The legislature knew that there would be intense public interest in this legislation and many assaults upon it and no doubt the regulations in the act were imposed with this in mind.

"In Saffore v. Atlantic Casualty Insurance Co., 21 N. J. 300, 121 A. 2d 543 (1956) a somewhat analogous situation arose. New Jersey had a safety responsibility law which required that any insurance policy purchased for the purpose of compliance with the law was to contain a clause extending coverage to anyone driving a car with the owner's permission. Edwards was, to Atlantic Casualty, a dubious risk and although Atlantic knew of the law, although not necessarily of its terms, it sold to Edwards a contract limited so as to exclude coverage unless he was driving personally, but which purported to comply with the law. Edwards allowed Johnson to drive his car and when a serious

accident arose, Atlantic denied coverage. The New Jersey Appellate Court removed the restriction in the policy on the ground that the insurer could not, by any device, set aside the declared legislative policy. Since citizens on the highway were the beneficiaries of the policy, the public interest was involved and the contract between the parties had perforce to conform to the legislative intent.

"In the case at bar Pennsylvania has an act requiring the bond to protect laborers and materialmen and permitting them to sue on it directly within one year after their causes of action accrue. American Casualty purported to comply with the law because it put up the bond required by the act, and the contract, but it attempted to restrict its liability. The New Jersey Court would set aside the restriction based upon Saffore v. Atlantic, supra, as we think we must in the case at bar. See also Fidelity & Casualty Co. v. Hill Construction Co., 11 N. J. Misc. 58, 164 Atl. 16 (1933) and Farkas Co. v. New York Fire Insurance Co., 5 N. J. 604, 76 A. 2d 895 (1950) to the effect that fire insurance policies must comply with statutes and any conditions imposed in the policy inconsistent with the statutes are a nullity. Also Mouncey v. Scheetz, 185 Atl. 20 (N. J. 1936) to the effect that conditions imposed in a policy of insurance inconsistent with provisions required by law are a nullity and further that conditions which create forfeitures should be construed most strongly against the insurer.

"In Schenley Farms Company v. Allegheny County, 349 Pa. 637 (1944) it was held that contracts with public bodies are presumed to be made in view of the legislation then affecting them and any such legislation becomes a part of the contract".

We need not decide which of these two decisions is more persuasive. While they reached different results in the issue before them, they both recognize and sup-

port the principle that conditions contained in surety bonds required to be furnished incident to public works contracts which are inconsistent with the provisions of the statute requiring such bonds are invalid and unenforceable. To conclude otherwise would permit an erosion of the declared legislative policy of protecting labor and materialmen on public works contracts and the terms and conditions under which they may enforce the rights so given to them.

One further contention of defendant requires consideration. It argues that The Borough Code[3] is the controlling statute, since the contracting municipality was one of that class, and that this particular statute which requires additional bonds for the protection of labor and materialmen contains no provision as to when suits must be brought. From this, defendant would have us conclude that the time limitation for suit as contained in the bond in question is not in conflict with a statutory provision and would thus be valid and enforceable within the rule of the Scranton School District case, supra.

Section 1406 of The Borough Code, 53 PS §46406, does require boroughs to obtain additional bonds for the protection of labor and materialmen incident to the borough's execution of a public works contract; and this same section prescribes the substantive provisions which are to be incorporated therein. In the language of this section, "It shall be the duty of every borough" to require the execution and delivery of such a bond incident to a public works contract entered into by the borough.

Turning to the Act of 1931, section 2 thereof does not speak in terms of the duty of a municipality as defined by the act, which includes boroughs, but pro-

---

[3] Act of May 4, 1927, P. L. 519, as recently reenacted by the Act of February 1, 1966, P. L. (1965) 1656, 53 PS §45101.

vides that *whenever* such a bond is required the persons for whose protection it is given shall have the right to sue thereon; section 3 then provides that all such suits shall be commenced not later than one year after final settlement under the construction contract.

In our opinion, these two statutes must be read together. The Borough Code provisions impose a duty upon this class of municipality to obtain such a bond, prescribe its coverage and give the benefited labor and materialmen the right to sue thereon. The Act of 1931, as noted above, imposes no duty upon the municipality to obtain such a bond but rather provides that whenever the law requires such a bond to be furnished, the benefited labor and materialmen may sue thereon, and, to this extent, is redundant of The Borough Code. It then further provides, however, for notice of claim and limitation upon the right of suit. These latter provisions are directed towards the rights inter se of the labor and materialmen and those furnishing the bond and do not directly involve the municipality. Since the provisions of the two statutes do not conflict but rather implement each other and The Borough Code does not specifically repeal the Act of 1931 as pertaining to boroughs, these provisions must be read together: Section 62, Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §562; Kelly v. City of Philadelphia, 382 Pa. 459 (1955). We, therefore, conclude that the disputed provisions of the Act of 1931 are relevant to the issue here raised.

For the foregoing reasons, defendant's motion for judgment on the pleadings must be denied, and we accordingly make the following

## ORDER

And now, February 19, 1968, the motion of defendant, New Amsterdam Casualty Company, for judgment on the pleadings is hereby denied.